[Criminal No. 786. Filed March 1, 1933.]

[19 Pac. (2d) 326.]

FRANK DUTZLER, Appellant, v. STATE, Respondent.

Mr. Herman Lewkowitz, for Appellant.

Mr. K. Berry Peterson, Attorney General, Mr. J. R. McDougall, Assistant Attorney General, and Mr. Lloyd J. Andrews, County Attorney, for the State.

ROSS, C. J.—The defendant Dutzler was convicted of the crime defined by section 4651, Revised Code of 1928, described by the medical term of fellatio. He has appealed, and among other errors assigns that the court erred in denying his motion for an instructed verdict on the ground of insufficient evidence to take the case to the jury. There is no evidence of the act other than that of the boy who par-

ticipated in the act with defendant. Under section 4491, Id., all persons concerned in the commission of a crime, whether they directly commit it or aid and abet in its commission, except children under 14 years of age, lunatics or idiots, are principals. Section 5055, Id., requires the corroboration of an accomplice by testimony independent of his tending to connect the accused with the commission of the offense charged. There was no such evidence in this case, and the court so instructed the jury.

The correctness of the court's ruling in refusing to instruct a verdict is made to turn upon the age of the boy participant. If he was of the age of 14 years or more, he was an accomplice, but if under that age he was not an accomplice, and the rule of evidence requiring corroboration is not applicable. The evidence as to the age of the boy consists of his statement to the effect that he was 13 years old on the ninth day of September, 1931. The offense is alleged to have been committed November 21, 1931, so if his story is to be taken as true he was not 14 years old. The father testified, and we give his statement in full, as follows:

"Q. How old is the boy? A. Thirteen.
"Q. When was he born? A. In '17.
"Q. Sir? A. In '17, September the 24th.
"Q. Of what year? A. '17.
"Q. 1917? A. 1917.
"Q. Let's have it right, you were there?
"Mr. Lewkowitz: Q. Were you there when he was born? A. I was.
"Q. I imagined you were, I wanted to be sure. It was in 1917? A. Yes."

We have here the rather unusual situation of the father testifying from actual knowledge that the boy was born on September 24, 1917, which, if true, would have made the boy, at the time of the alleged act, 14 years of age; and the boy, without giving the year of

his birth, stating that he was 13 years of age. It should also be observed that the father, when asked the age of the boy, stated he was 13. The parent's testimony is unquestionably the best evidence. That of the boy being derived from what his parents or family told him is nevertheless competent to prove his age.

The text in 22 Corpus Juris 171, section 98, is amply supported by cases there cited, and states the rule as follows:

"Although his testimony be confessedly based in part at least on hearsay, direct or composite, a witness may testify to his own age; as this is a fact of which he may be said to have knowledge based upon family tradition, and it has even been held that such testimony is the best possible evidence."

The following cases have held that a witness is competent to testify as to his age, even where his parents are present and testify to the same fact. *State* v. *Miller,* 71 Kan. 200, 80 Pac. 51, 6 Ann. Cas. 58; *Koester* v. *Rochester Candy Works,* 194 N. Y. 92, 87 N. E. 77, 16 Ann. Cas. 589, 19 L. R. A. (N. S.) 783. The boy being competent to testify as to his own age, the discrepancy between his testimony and that of his father gave rise to a conflict in the evidence, and the jury's verdict thereon is final. In *State* v. *McClain,* 49 Kan. 730, 31 Pac. 790, is quoted with approval from *State* v. *Cain,* 9 W. Va. 559, this language:

"At this day of general intelligence, I think it is not improper, in a case like this, to allow the minor to testify as to his age. It is perhaps true that the evidence of the minor may not be as satisfactory as to the fact as the evidence of his father or mother, or some other person who was present at his birth; still his statement should be received, and permitted to go to the jury as evidence, to have such weight as it is entitled to under the circumstances."

The jury saw the boy and no doubt, as it had a right to do, took into consideration his size and appearance in determining his age and in reconciling the equivocal testimony of the father as to that fact. *People* v. *Elgar,* 39 Cal. App. 78, 178 Pac. 168.

The appellant has assigned some other errors, but we find no merit in them.

The judgment is affirmed.

LOCKWOOD and McALISTER, JJ., concur.