280 P.2d 691

STATE of Arizona, ex rel. Ross F. JONES, The Attorney General of the State of Arizona, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, IN AND FOR THE COUNTY OF PINAL, and The Honorable Frank E. Thomas, Judge, Respondents.

No. 6012.

Supreme Court of Arizona.

March 1, 1955.

Ross F. Jones, Atty. Gen., William T. Birmingham and Roderick M. Jennings, Asst. Attys. Gen., for petitioner.

Frank E. Thomas, respondent Judge in pro. per.

Francis J. Brown, Phoenix, for prisoner, Charles A. Gusick.

PHELPS, Justice.

This cause comes to us on certiorari. The ultimate question for determination is whether the application of Charles A. Gusick for a writ of habeas corpus stated grounds sufficient to confer jurisdiction on the trial court to issue such a writ. The problem will be better understood if we set forth a rather detailed account of proceedings heretofore had in Cause No. 22012, State of Arizona v. Charles A. Gusick, alias Charles A. Girard. This criminal case had been set for trial for 10 a. m., August 17, 1951, in Division No. 6 of the Maricopa County Superior Court. On that date defendant appeared with his counsel George T. Wilson. Counsel for the State and defendant announced ready. The defendant, petitioner herein, through his counsel then and there asked leave to withdraw his plea of not guilty theretofore entered to the charge of fellatio, counts 1 through 20 of the information. The court entered its order permitting him to with-

draw his plea of not guilty which he did and immediately entered his plea of guilty to said charge of fellatio, a felony, in counts 1 to 20 of the information. The court then fixed the time for passing sentence at 10 a. m., August 22, 1951.

Defendant appeared in said court with his counsel at the appointed time and the court imposed sentence of three to five years in the state penitentiary at Florence in each of said counts and ordered that said sentences were to run consecutively.

Defendant was duly committed to the penitentiary at Florence, Arizona, in accordance with the provisions of the sentences pronounced in open court on August 22, 1951, and the provisions of the formal written judgment and commitment thereafter filed in said court on the following August 24. Defendant has been confined in said penitentiary since his commitment therein and now is so confined.

On November 12, 1954, petitioner through his counsel, Francis J. Brown, filed in the Pinal County Superior Court a petition for writ of habeas corpus directed against the warden of the penitentiary. The petition including exhibits, testimony of witnesses and sundry other matters, consists of over 300 typewritten pages. Much of the petition is repetitious, much of it is wholly immaterial and redundant, and much of it is in the nature of aspersions upon the integrity, honesty and ethics of his own counsel (now deceased) in handling his case and upon the trial judge by charging

that he entered into an alleged agreement with counsel for petitioner and the county attorney which he violated and that he materially changed the judgment and sentences of the court imposed upon petitioner after petitioner had left the court room, and sundry other charges. Happily the records of the court in that case do not support the charges made against either the attorney or the judge.

The trial judge who entertained the petition for the writ of habeas corpus issued the writ on the date the petition was filed and made it returnable forthwith. On the same date he proceeded to hear testimony from the defendant before counsel representing the State had been given a copy of the petition or had time to study the same and make a response thereto. After hearing the testimony of the petitioner the cause was then continued until 10 a. m., November 24.

On November 17, 1954, the State through its Attorney General, Ross F. Jones, made application to this court for a writ of certiorari to test the jurisdiction of the trial court to order the issuance of a writ of habeas corpus in said cause. Certiorari issued on said date and the matter is now at issue before us for our determination.

If the trial court in Maricopa County had jurisdiction to pronounce judgment and sentence imposed by it on petitioner Gusick on August 22, 1951, in Cause No. 22012 then pending in that court, the trial court of Pinal County had no jurisdiction to issue

the writ of habeas corpus on November 12, 1954. On the other hand, if the trial court of Maricopa County was without jurisdiction to impose sentence and judgment upon defendant Gusick on August 22, 1951, the trial court of Pinal County properly issued said writ of habeas corpus.

The State assigns as error:

"That the Pinal County Superior Court exceeded its jurisdiction in issuing a writ of habeas corpus in that the petition for writ of habeas corpus does not allege, state or in any manner show on its face sufficient grounds for the issuance of a writ of habeas corpus."

It states as its first proposition of law based upon said assignment that "habeas corpus may be used to review only matters affecting the jurisdiction of the court."

That the trial court of Maricopa County had jurisdiction both of the person and of the subject matter and had authority to pronounce sentence and judgment on August 22, 1951, in said cause upon a plea of guilty there can be no doubt. Petitioner apparently bases his claim of lack of jurisdiction to pronounce the sentence and judgment in this cause upon the ground that the court did not comply with the mandatory provisions of the statute in such cases made and provided in that it pronounced its sentence and judgment in the absence of the defendant. We will hereinafter discuss this particular phase of his claim.

It is undoubtedly a correct statement of the law that the writ of habeas corpus may be used only to review matters affecting the jurisdiction of the court. In the case of Ex parte Long, 26 Okl.Cr. 259, 223 P. 710, 711, it is stated that:

"It is undoubtedly the law that upon habeas corpus cognizance can be taken only of defects of a jurisdictional character, which render the proceedings under which the petitioner is imprisoned not merely erroneous, but absolutely void."

We stated in State ex rel. Murphy v. Superior Court, 25 Ariz. 226, 233, 215 P. 538, 541, that:

"It is well settled in this jurisdiction, and elsewhere, that mere irregularities or mistakes cannot be reviewed or corrected by the writ of habeas corpus. (Citing cases.)"

To the same effect is the case of Application of Silvas, 16 Ariz. 41, 140 P. 988; also State ex rel. La Prade v. Grantham, 30 Ariz. 591, 249 P. 758; Oswald v. Martin, 70 Ariz. 392, 396, 222 P.2d 632. We reaffirm our previous pronouncement that the sole question involved in habeas corpus is that of jurisdiction.

Notwithstanding the multitudinous charges made in petitioner's application for writ of habeas corpus, in his brief, in support of the writ, he limits his claim to eight statements which appear to be an admixture of propositions of law and statements of alleged facts as follows:

"I. The privilege of the accused to be present throughout the trial is the very essence of due process.

"II. The trial judge failed to wait three days before sentence as required by the Code and consequently the sentence is void.

"III. Habeas corpus proper remedy where judgment void as having been entered without jurisdiction, also upon expiration of sentence.

"IV. The illegal search and seizure violated rights guaranteed by the laws and constitution of Arizona and further protected by the constitution.

"V. A plea of guilty should be freely and understandingly made by one competent to know the consequences thereof, and the Court should satisfy itself as to this voluntary character of the plea before accepting it.

"VI. The receipt of information in chambers by the trial judge, in the absence of petitioner and his counsel violated the constitutional guaranty of the right of petitioner to be confronted with witnesses against him.

"VII. The People are entitled to but one satisfaction, even if twenty sentences were imposed they will be held to run concurrently.

"VIII. The punishment inflicted by the third judgment is excessive, disproportionate and constitutes cruel and unusual punishment in addition to its other defects."

■ We believe that proposition No. I is a correct statement of the law but it has no application to the instant case. Insofar as the records disclose and insofar as the petition for a writ of habeas corpus discloses, petitioner was present at every stage of the proceeding including August 17, 1951, when he entered his plea of guilty to counts 1 to 20 inclusive of the information. That plea was made by him in open court. This act on the part of petitioner concluded the trial in that case. What happened after that moment constitutes no part of his trial.

The next claim designated as No. II is a statement of fact to the effect that the trial judge failed to wait three days after the plea of guilty to pronounce sentence. The answer to that is that the record brands it as false in toto. The record clearly shows that on August 17 the petitioner through his counsel asked leave of the court to withdraw his plea of not guilty to counts 1 to 20 inclusive of the information. This request was granted by order of court duly recorded and petitioner then and there withdrew his plea of not guilty and entered a plea of guilty to all of said counts 1 to 20 inclusive. Whereupon the court set the date of sentence for 10 a.m., August 22 following— exactly five days after plea of guilty. There was not the slightest excuse for such charge to be made.

■■ Claim No. III is a statement of law to the effect that habeas corpus is a proper remedy where the judgment is void

for lack of jurisdiction. This is unquestionably a correct statement of law as shown by authorities above cited. This claim is evidently based upon the charge in the petition for writ of habeas corpus, first, that the sentence and judgment was pronounced by the court without the presence of defendant and that the judgment order falsely recited his presence. Secondly, that petitioner has served the sentence originally "recited and rendered" in his presence and that a further and more severe sentence was written up in his absence after petitioner had been removed from the courtroom of the original trial court and after the original court had lost jurisdiction. This is in effect charging the judge of the trial court with the commission of a felony in falsifying the records of the court.

Petitioner is limited to the records of the Maricopa County trial court in Cause No. 22012, supra, in establishing his claim of lack of jurisdiction. The records show that petitioner was present in court with his counsel on August 22 when the court pronounced its sentence and judgment. Petitioner admits this in his brief. There is written on each page of the minute entry records on that date the word "void" but nowhere in the record is found a minute entry whereby the judge of the court ordered said minute entry to be voided. In the absence of such an order the minute entry of August 22 stands as a valid minute entry of the court recording the imposition of sentence upon petitioner on that date. Minute entries are of necessity condensed to include only the essential elements required under the statutes to wit, maximum and minimum of years imposed in the sentence, the date of commencement of sentence, the place of imprisonment and where there is more than one count in the information whether the sentences shall run consecutively or concurrently. It is only in the recording of the formal judgment that it is copied in toto.

The minute entry of August 22 recording the pronouncement of sentence found the petitioner guilty of the crime of fellatio in count 1 of the information and fixed the punishment at imprisonment in the state prison at Florence for a period of not less than three nor more than five years from the date of sentence. The sentence of each succeeding count in the information up to and including count 20 adjudged him guilty of fellatio, a felony, and imposed the same number of years as punishment therefor and said sentences were ordered to run consecutively, i.e., each was to begin at the termination of the sentence in the preceding count. There is nothing ambiguous in this sentence and this court will not indulge in subtleties and refinements in interpreting the language used in order to set aside the judgment and sentence imposed by the trial court. In his brief, petitioner has raised the point that there was no such crime as fellatio. The case of Dutzler v. State, 41 Ariz. 436, 19 P.2d 326, expressly recog-

nizes fellatio as the medical term for the offense defined in section 43–407, A.C.A. 1939.

■ There appears in the minute entries of the court bearing date August 23 an entry of the same transaction as that recorded on August 22. Just why the clerk of the court dated this minute entry August 23 is not manifest but it is very apparent that the entry of August 23 is intended as a rewrite of what transpired on August 22. It is probable that the volume of work to be done made it impossible to rewrite it until the 23rd and that through inadvertance it was dated August 23 instead of the 22nd. No substantial change whatever was made. The sentence imposed in the first count was the same, to wit, three to five years in the state penitentiary at Florence from the date of sentence and the place of imprisonment was the same. All subsequent counts carried the same number of years each to run consecutively with the sentence imposed in the preceding count. The minute entry should, of course, have been dated August 22 but the fact that it was dated the following day is a mere irregularity not affecting the substantial rights of the petitioner nor does it go to the jurisdiction of the court and is therefore not subject to review by habeas corpus.

■ It was not necessary under the constitution and laws of the state that defendant should have been present when these minute entries were written up. Neither did he have the right to be present when the formal written judgment and commitment was filed with the clerk of the court on August 24. That judgment and commitment was also the same in all its material parts with both the minute entry of August 22 and the rewrite thereof of August 23. There is no merit whatever to petitioner's contention that he had a right to be present when these entries were made.

■ The charges set forth in the petition for a writ of habeas corpus upon which petitioner's claims Nos. IV, V, VI and VIII are based are not only without merit as propositions of law but are not remotely related to the question of the jurisdiction of the trial court to pronounce its judgment and sentence upon petitioner on August 22 and therefore may not be reviewed on habeas corpus proceedings. Petitioner's sole remedy to have had these matters reviewed by this court was by timely appeal.

■ In Claim No. VII petitioner urges that the people are entitled to but one satisfaction and even if twenty sentences are imposed, they will be held to run concurrently. Our statute is definite upon that point. Section 44–2226, A.C.A. 1939, provides that:

"When the defendant has been convicted of two (2) or more offenses charged in the same indictment or information the terms of imprisonment

shall be served concurrently unless the court expressly directs that they or some of them be served consecutively. Sentences of imprisonment for offenses not charged in the same indictment or information shall be served consecutively unless the court expressly directs that they or some of them be served concurrently."

The court in the instant case expressly ordered that the sentences should run consecutively.

██ Petitioner, in his petition for a writ of habeas corpus before the Pinal County trial court and in his brief in support thereof, claims that he has been denied due process of law in that (1) judgment and sentence committing him to the penitentiary at Florence was pronounced during his absence; (2) that search of petitioner's premises and seizure of certain paraphernalia on a John Doe warrant was illegal and that the evidence was thereafter used against defendant in determining the punishment to be imposed upon petitioner, and that the county attorney entered into a stipulation with petitioner's counsel that petitioner might plead guilty to one count in the information fixing a lesser sentence than that pronounced by the court and that the court agreed to such stipulation and that thereby petitioner was misled in entering a plea of guilty and understood that he was entering a plea of guilty only to one count, and that he was thereby deprived of his constitutional right to change his plea to that of not guilty.

Petitioner further states that his own counsel informed him immediately before the pronouncement of sentence that "there was not time to report and explain all that which had taken place in chambers but that the Judge had indicated that the sentence would be somewhere between one and five years." Mr. Wilson said that " * * * the sentence might be for more than one year but it surely would be less than five years, possibly three." Petitioner further stated that:

"* * * Mr. Wilson also informed petitioner that if anything should develop between the time of the entry of the guilty plea and the sentence which was to be rendered, to cause the prosecutor or the judge to have any desire to repudiate the agreement, or if the sentence was entered without any regard for the agreement, or the mitigating circumstances, that the law gave to Your petitioner the right to withdraw the plea and demand a jury trial. * * *"

Immediately prior to the pronouncement of sentence and after the Judge, and counsel for the state and defendant had re-entered the courtroom the court made the following statement to petitioner and his counsel:

"This is the time fixed for the passing of sentence, Mr. Gusick. Have you

or your counsel, Mr. Wilson, any legal reason to show why the sentence of the Court should not be pronounced at this time?

"Mr. Wilson: If the Court please, this Court accorded an opportunity to both sides to present an argument in this matter. We have done that. There is nothing to add at this time."

The court, after considerable dissertation made the following statement:

"I have outlined to you why I feel the way I do. I feel in a case where it is not a matter of illness that this court has never given a tap on the wrist, I have given the limit, and I see no reason to do otherwise in this case, because I don't think Mr. Gusick should be back in this vicinity in the next few weeks. I propose to govern myself accordingly. And it is wide-spread. He took advantage of these boys and their families and it has been not only in this locality but all over the country. Taking those movies, seducing the boy and taking movies of him and the boy then knows he is trapped. *I feel there is nothing to do but—well, in fact, the doctor has indicated to me that he had the same feeling that I had, that there is only one thing to do with a man like this and lock him up from now on. The Court proposes to do that. Have either of you anything further to say?"*

(Emphasis supplied.)

When neither Mr. Wilson nor Mr. Gusick indicated that they had anything further to say or any desire to withdraw the plea of guilty and enter a plea of not guilty the court proceeded to pronounce sentence and judgment upon the petitioner. Certainly it is the duty of this court to see that constitutional due process is accorded to every person charged with a criminal offense, and if the processes of law in the administration of justice are tainted with fraud, misleading a defendant to his prejudice, he should be accorded every right guaranteed to him under the due process clause of the State and Federal Constitutions.

In the light, however, of the statement of the court immediately prior to the pronouncement of sentence, in according to the defendant, and to his counsel, the opportunity to withdraw his plea of guilty at that time if they so desired, can it be said with any degree of sincerity that the petitioner was denied due process of law by the trial court? Can it be said that he was misled to believe that the sentence would be pronounced only upon one count in the information? Can the statement that he was denied the right to withdraw his plea of guilty and change it to that of not guilty carry with it any degree of conviction? Petitioner had been advised by his counsel that he had the right to withdraw his plea of guilty if it developed that a more severe penalty would be imposed by the court than that agreed upon between counsel and

the judge. If he had made such a request and it had been denied by the court, he had a remedy by appeal to this court. The statement that Mr. Wilson immediately prior to sentence informed him that the sentence by the court would not be in excess of three to five years was completely refuted by the trial judge when he made the statement above quoted.

The State in its brief on certiorari to this court has fully covered all of these claims and we have undertaken to discuss them in line with the questions of law raised by the State therein without referring specifically to each proposition of law set forth by it.

In view of the scandalous matter both against a deceased member of this Bar who bore a good reputation in this community as an able lawyer whose ethics were never questioned and in view of the charges made against a trial judge of this state which, if true, might subject him to prosecution on a criminal charge, we believe it not only proper but in a sense mandatory that we take cognizance of such charges. For the sole purpose of ascertaining if the charges made were true we ordered a transcript of the language used by the trial court in pronouncing its sentence upon petitioner on August 22 to be made a part of the record in this case and it conclusively refutes the charges made against the trial judge relating to falsifying the records of his court.

We want to believe that counsel *did not know* that the judgment and sentence of the trial court pronounced upon petitioner on August 22, 1951, was taken down in shorthand and later transcribed and filed in Cause No. 22012 in April, 1954, several months before the application for habeas corpus was filed in the superior court of Pinal County. We would also like to believe that counsel (although he did not incorporate the transcript in the record before the Pinal County trial court) intended to make it a part of the record of that case on the hearing of the application for the writ of habeas corpus. If counsel did know of its existence it was his bounden duty to incorporate it in the record in the habeas corpus proceedings in fairness to the trial judge of Pinal County and if he knew of its contents the charges made against the trial judge were wholly unjustified.

It is the holding of this court that the application of petitioner for a writ of habeas corpus fails to state grounds justifying the issuance of such writ and the court erred in issuing the same. The records in said cause brought here on a writ of certiorari are remanded to the trial court of Pinal County with instructions to dismiss said petition.

LA PRADE, C. J., and UDALL, WINDES and STRUCKMEYER, JJ., concur.