405 P.2d 889

**Frank A. EYMAN, Warden of the Arizona State Prison, Appellant,**

**v.**

**James CUMBO, Appellee.**

**No. 8009.**

Supreme Court of Arizona,

En Banc.

Sept. 29, 1965.

Robert W. Pickrell, Atty. Gen., by Paul G. Rosenblatt, Asst. Atty. Gen., for appellant.

James Cumbo, in pro. per.

BERNSTEIN, Justice.

This matter is before us on appeal by the state from the granting of a writ of habeas corpus issued by the Superior Court of Pinal County releasing defendant Cumbo on the grounds "that the same prisoner was not voluntarily absent at the time of the trial of his cause and that same cannot be waived by his attorney nor ordered by the court." The essential facts are as follows: Defendant was charged with assault with a deadly weapon. On September 24, 1962, the trial court of Maricopa County called the case for trial, but defendant did not appear. On the basis of representations by his counsel and the state, the court determined his absence was voluntary and ordered the trial to proceed pursuant to Rule 231, subsec. B, Rules of Criminal Procedure, 17 A.R.S. Counsel did not object to the ruling. Defendant was convicted and thereafter moved for a new trial which was denied. It is important to note that defendant was present with counsel during argument on the motion for the new trial and at the time of sentencing. At no time did he contend before the trial court that he had not voluntarily absented himself from trial. Rules 311, subsec. A, par. 1, 330, Rules of Criminal Procedure, 17 A.R.S. On November 29, 1962, counsel filed a notice of appeal alleging, among other things, that defendant had not voluntarily absented himself from trial and that counsel could not waive his right to be there. On December 20, 1962, defendant filed a petition for a writ of habeas corpus before the Superior Court of Pinal County alleging, as in the notice of appeal, that he had not voluntarily absented himself from trial. On May 22, 1963, the Pinal County court ordered defendant's discharge as stated above and the state filed this appeal June 10, 1963. Meanwhile, the appeal from the judgment of conviction was considered and affirmed, State v. Cumbo, 96 Ariz. 385, 396 P.2d 11. Defendant's absence from trial as the basis for error was examined at length and decided adversely to him. 96 Ariz. at p. 387. It must be pointed out that nowhere in the record does it ap-

pear that the Superior Court knew of the appeal pending before this court when it entertained defendant's petition for habeas corpus, nor were we aware of the habeas corpus proceeding.

The state contends the court erred in granting the writ of habeas corpus and ordering defendant's release because that writ may not be used in lieu of a writ of error or appeal. It is also alleged that there is ample evidence to support the trial court's determination that defendant voluntarily absented himself from the trial. Therefore, the Pinal County Court erred in finding the contrary.

The initial inquiry is whether the court has jurisdiction to entertain a writ of habeas corpus when there is an appeal pending before this court of the conviction and incarceration to which the writ is addressed and the same issues are raised in both proceedings. We hold that a trial court has no such jurisdiction. In Application of Lopez, 97 Ariz. 328, 400 P.2d 325, we reiterated the well established principle that when a notice of appeal is filed the trial court is divested of its general jurisdiction to act and may only do so in furtherance of the appeal. Obviously, a petition for habeas corpus is not in furtherance of the appeal if addressed to the same issues. Cf. State v. Peters, 60 Ariz. 102, 106, 131 P.2d 814. And though a habeas corpus proceeding is a civil action collaterally attacking the judgment of conviction, Oswald v. Martin, 70 Ariz. 392, 397, 222 P.2d 632, it is nevertheless directed to the same matter which is the subject of the appeal. The rule and its reason were clearly stated in State ex rel. Bressman v. Theisen (not reported in state reports) Mo.App., 142 S.W. 1088 where the court said:

"Where one court has competent jurisdiction of the person and is proceeding to exercise it, it would be a great outrage upon the administration of justice if a court of equal or inferior jurisdiction should *by virtue of the writ of habeas corpus* seek to override the jurisdiction of the former by discharging the person and thus annulling its writs and processes and rendering abortive any judgment it might lawfully render. Should we hold that the action of the circuit court in issuing the writ of habeas corpus was a bar to any other or further proceeding in this case, it would in effect be to hold that the jurisdiction of this court was at an end, and that an inferior court by such means could oust this court of a jurisdiction conferred by the Constitution." 142 S.W. at p. 1090 (Emphasis supplied).

In France v. Superior Court, 201 Cal. 122, 255 P. 815, 52 A.L.R. 869 it was stated:

"We are holding simply that, under the power invested in the superior

courts of this state to issue writs of habeas corpus, they are not given the authority to invade the jurisdiction of an appellate court, and to oust said appellate court of its jurisdiction in a criminal action pending before it on appeal by discharging on habeas corpus the appellant in said action on any ground appearing upon the face of the record on appeal, and which is raised or could be raised on said appeal." (255 P. at p. 819).

We hold that during the pendency of a criminal appeal before this court, inferior tribunals are without jurisdiction to entertain a petition for a writ of habeas corpus attacking the judgment of conviction and incarceration based upon any ground which is raised or could have been raised on the appeal. Orderly criminal procedure so dictates.

 Since the Superior Court was without jurisdiction, the habeas corpus proceeding was a nullity and the order discharging defendant will be vacated and the cause remanded with directions for further proceedings in accordance herewith.[1]

---

1. Nor can defendant file a new petition raising the same issues upon the theory that the holding in this case is inapplicable because the appeal has been concluded. All questions raised in the appeal and all those that might have been raised are finally adjudicated. State ex rel. Gal-

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and McFARLAND, JJ., concur.

braith v. Superior Court, 22 Ariz. 452, 456, 197 P. 537; State ex rel. Ronan v. Superior Court, 94 Ariz. 414, 385 P.2d 707; Rules 311, subsec. A, par. 1 and 330, Rules of Criminal Procedure 17 A.R.S.