416 P.2d 599

The STATE of Arizona, Petitioner,

v.

COURT OF APPEALS of Arizona, DIVISION TWO, the Honorable Herbert F. Krucker, Chief Judge, the Honorable James D. Hathaway, Judge, the Honorable John F. Molloy, Judge, as Judges thereof, the Superior Court of the State of Arizona, the Honorable R. C. Stanford, Jr., Judge thereof, and Charles J. Carter, Real Party in Interest, Respondents.

No. 8786.

Supreme Court of Arizona, In Banc.

July 14, 1966.

Darrell F. Smith, Atty. Gen., Gary K. Nelson, Asst. Atty. Gen., for petitioner.

Charles J. Carter, in pro. per.

UDALL, Justice.

The respondent, Charles Joseph Carter, appealed to the Court of Appeals, Division 1, from a conviction of two counts of burglary, second degree; two counts of burglary, first degree; and four counts of grand theft. On February 24, 1965, the Court of Appeals, Division 1, affirmed the conviction. State v. Carter, 1 Ariz.App. 57, 399 P.2d 191.

In the course of its opinion that court found that certain statements allegedly made by defendant were properly received in evidence as voluntary, extra-judicial oral statements of defendant describing how he committed the act.

Carter did not move the Court of Appeals, Division 1, for a rehearing and therefore did not petition this Court for a review. Being incarcerated in the Arizona State Prison at Florence, Arizona, Pinal County, Carter on November 1, 1965, petitioned the Court of Appeals, Division 2, for a writ of habeas corpus, charging that he was illegally imprisoned and restrained of his liberty in the Arizona State Penitentiary. A petition for a writ of habeas corpus had previously been denied by the Judge of the Superior Court, Pinal County, on October 18, 1965. Among other reasons for Carter's petition for writ of habeas corpus was that the trial court exceeded its jurisdiction by failing to make a definite ruling as to the voluntariness or involuntariness of Carter's alleged statements.

After denying the Attorney General's motion to dismiss the petition for writ of habeas corpus, Division 2 of the Court of Appeals directed the Attorney General to indicate whether there was an independent finding by the trial court as to the voluntariness of the confession and/or admission of respondent. In its directive to the Attorney General the Court of Appeals, Division 2, stated:

"* * * In the event that such response should disclose that an independent finding has not been made, it is the intention of this Court to issue a special order, without further hearing, directing the trial court to conduct a hearing on voluntariness as required by Jackson v. Denno, 378 U.S. 368, 391; 84 S. Ct. 1774, 1778; 12 L.Ed.2d 908."

On April 26, 1966, the Court of Appeals, Division 2, found that the trial court did not make a specific determination on the record that the confessions and/or admissions were in fact voluntary and that this question was not raised on appeal. The court ordered a hearing be conducted before the Superior Court of the State of Arizona in and for Maricopa County to determine whether the confessions and/or admissions were, in fact, voluntary; that after the hearing the court make a written determination as to whether the confessions and/or admissions were in fact voluntary or involuntarily made; and, such findings by the court should be certified to the Court of Appeals, Division 2. After such certification the Court of Appeals, Division 2, stated it would make such further orders as it deemed necessary and proper.

On May 13, 1966 the Attorney General petitioned this Court for a writ of prohibition, stating the Court of Appeals was without jurisdiction and the superior court had no jurisdiction to hold a hearing, as directed.

On May 18, 1966, this Court issued an alternative writ of prohibition, prohibiting the Court of Appeals, Division 2, from taking any further action, in order that we could consider the problems presented.

**168**

■ The writ of habeas corpus may be used only to review matters affecting court's jurisdiction. State ex rel. Jones v. Superior Court, 78 Ariz. 367, 280 P.2d 691; State v. Morales, 90 Ariz. 11, 363 P.2d 606. The writ of habeas corpus is not the appropriate remedy to review irregularities or mistakes in a lower court unless they pertain to jurisdiction. Oswald v. Martin, 70 Ariz. 392, 222 P.2d 632; Smith v. Warren, 52 Ariz. 237, 80 P.2d 394. Even an alleged denial of due process must be of such nature to deprive a court of jurisdiction to allow the issuance of the writ. Applications of Oppenheimer, 95 Ariz. 292, 389 P.2d 696.

■ Respondent, in this matter, is not contesting the jurisdiction of the Court of Appeals, Division 1, to decide his appeal. The claimed error was the procedure followed by the trial court as to the voluntariness of a confession or admission. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908. This Court in the case of Eyman v. Cumbo, 99 Ariz. 8, 405 P.2d 889, held, that matters which had been raised on appeal or which might reasonably have been raised, are finally adjudicated thereby, and cannot be relitigated by means of habeas corpus. The writ of habeas corpus sought was not the appropriate remedy in this case. This collateral attack on the judgment does not challenge the jurisdiction of the court, but goes to an alleged error in the trial procedure.

By Article 6, § 5, of the Constitution of Arizona, A.R.S., as amended November 8, 1960, this Court has the power to issue all writs necessary and proper to the complete exercise of its appellate and *revisory* jurisdiction. In the past we have exercised it by directing appropriate proceedings in the superior court consistent with the need for the due and proper administration of justice. See State v. Schroeder, 100 Ariz. 21, 409 P.2d 725, State v. Janovic, 101 Ariz. 203, 417 P.2d 527, and State v. Kruchten, 101 Ariz. 186, 417 P.2d 510, where we directed the superior court to hold hearings, make findings of fact and conclusions of law, and return them to this Court for appropriate action.

■ The jurisdiction of the Court of Appeals, as applicable in this case, is, by A.R.S. § 12–120.21 (1964), limited to original jurisdiction of habeas corpus and jurisdiction to issue "other writs necessary and proper to the complete exercise of its appellate jurisdiction." There being no appellate jurisdiction sought to be exercised, see State v. Sheppard, 2 Ariz.App. 242, 407 P.2d 783, the alternative writ of prohibition heretofore issued is made permanent.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and McFARLAND, J., concur.

NOTE: Justice LORNA E. LOCKWOOD did not participate in the determination of this matter.