417 P.2d 550

In the Matter of the Application of Nacho Garcia for a Writ of Habeas Corpus.

Nacho GARCIA, Petitioner,

v.

Frank A. EYMAN, Superintendent, Arizona State Prison, Respondent.

No. 2 CA–HC 32.

Court of Appeals of Arizona.

Aug. 2, 1966.

Rehearing Denied Sept. 9, 1966.

Review Denied Oct. 18, 1966.

Nacho Garcia, in pro. per.

Darrell F. Smith, Atty. Gen., for respondent.

KRUCKER, Chief Judge

The petitioner, Nacho Garcia, was convicted in the Superior Court of Pima County, Arizona, for violation of A.R.S. § 36–1002.05(B), unlawful posession of marijuana with a prior conviction. An appeal was taken to the Arizona Supreme Court and the judgment affirmed. State v. Garcia, 97 Ariz. 102, 397 P.2d 214 (1964).

The prior conviction occurred January 14, 1933, and the petitioner filed a motion to vacate the 1933 judgment and sentence on grounds that he was not afforded counsel at the time of the prior conviction in 1933. The motion was denied and the petitioner appealed to this Court. We held that the denial of a motion to vacate judgment and sentence is not an appealable order under the provisions of A.R.S. § 13–1713. State v. Garcia, 3 Ariz.App. 194, 412 P.2d 876 (1966). Thereafter, the petitioner filed this application for a writ of habeas corpus.

Our consideration of this matter is governed by the recent opinion of our Supreme Court in State v. Court of Appeals, Division Two, Ariz., 416 P.2d 599 (July 14, 1966). In that case, one Carter was convicted of burglary and grand theft and appealed his conviction to the Court of Appeals, Division One, which court affirmed his conviction. State v. Carter, 1 Ariz.App. 57, 399 P.2d 191 (1965). Carter did not seek review of this judgment but petitioned this Court for a writ of habeas corpus on grounds that the trial court failed to make a definite ruling as to the voluntariness of certain admissions or confessions. We ordered the Superior Court of Maricopa Coun-

ty to conduct a hearing to determine the voluntariness of Carter's statements, and the Attorney General petitioned the Arizona Supreme Court for a writ of prohibition. Our Supreme Court issued an alternative writ and by its judgment of July 14, 1966, the alternative writ of prohibition was made permanent. The Supreme Court stated:

"The writ of habeas corpus may be used only to review matters affecting court's jurisdiction. State ex rel. Jones v. Superior Court, 78 Ariz. 367, 280 P.2d 691; State v. Morales, 90 Ariz. 11, 363 P.2d 606. The writ of habeas corpus is not the appropriate remedy to review irregularities or mistakes in a lower court unless they pertain to jurisdiction. Oswald v. Martin, 70 Ariz. 392, 222 P.2d 632; Smith v. Warren, 52 Ariz. 237, 80 P.2d 394. *Even an alleged denial of due process must be of such nature to deprive a court of jurisdiction to allow the issuance of the writ.* Applications of Oppenheimer, 95 Ariz. 292, 389 P.2d 696.

"Respondent, in this matter, is not contesting the jurisdiction of the Court of Appeals, Division 1, to decide his appeal. The claimed error was the procedure followed by the trial court as to the voluntariness of a confession or admission. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908. This Court in the case of Eyman v. Cumbo, 99 Ariz. 8, 405 P.2d 889, held, that *matters which had been raised on appeal or which might reasonably have been raised, are finally adjudicated thereby, and cannot be relitigated by means of habeas corpus. The writ of habeas corpus sought was not the appropriate remedy in this case. This collateral attack on the judgment does not challenge the jurisdiction of the court,* but goes to an alleged error in the trial procedure." (Emphasis supplied.)

Our Supreme Court apparently concluded that the trial court's failure to make a specific determination of the voluntariness or involuntariness of Carter's admissions or confession was not a denial of due process "of such nature (as) to deprive a court of jurisdiction to allow the issuance of the writ."

In accordance with the pronouncements of our Supreme Court in State v. Court of Appeals, Division Two, supra, we are bound to find that having appealed his conviction to the Arizona Supreme Court, and having failed to raise the issues herein presented in that appeal "which (issues) might reasonably have been raised," they have been "finally adjudicated thereby, and cannot be relitigated by means of habeas corpus."

The petition for a writ of habeas corpus is accordingly denied.

HATHAWAY, and MOLLOY, JJ., concur.