Nacho GARCIA, Petitioner,

v.

Frank A. EYMAN, Superintendent, Arizona State Prison, Florence, Arizona, Respondent.

No. Civ–6208 Phx.

United States District Court
D. Arizona.

March 9, 1967.

Tom Karas, Phoenix, Ariz., for petitioner.

Darrell F. Smith, Atty. Gen. of Arizona, Phoenix, Ariz., for respondent.

OPINION AND ORDER

CRAIG, District Judge.

Petitioner for Writ of Habeas Corpus, having exhausted his State remedies, by order of this Court dated December 14, 1966, was allowed to file his petition in forma pauperis. Counsel was appointed by the Court to represent petitioner. A hearing was held upon the Petition on February 28, 1967. Evidence was presented at the hearing. Memoranda in support of petitioner's position and that of the State were presented, and the matter argued to the Court. The Court being fully advised in the premises finds:

On January 12, 1933, petitioner was arrested by State authorities in Pima County, Arizona for the illegal possession of five pounds of marijuana, a major misdemeanor. Petitioner was brought before the Justice Court of the Tucson Precinct, Pima County the same day. Bail was set by the Justice Court in the amount of Three Hundred Dollars ($300), and petitioner bound over to the Superior Court of Arizona for the County of Pima for trial. An information charging the offense was filed by the County Attorney of Pima County January 13, 1933. On January 14, 1933, petitioner entered a plea of guilty to the charge in the Superior Court of Pima County, Arizona before the Honorable Fred W. Fickett, Judge. On the same day petitioner was sentenced to the Arizona State Prison for a term of not less than eighteen months and not more than two years.

On May 1, 1963, petitioner was tried before the Superior Court of Arizona without a jury on a charge of possession of marijuana in violation of § 36–1002.05 Arizona Revised Statutes. On May 8, 1963, petitioner was sentenced as a recidivist pursuant to § 36–1002.05, subsec. B, Arizona Revised Statutes. Petitioner appealed to the Supreme Court of Arizona and the judgment was affirmed. State v. Garcia, 97 Ariz. 102, 392 P.2d 214. Petitioner sought to set aside the prior 1933 conviction in the State Court by way

of Motion to Vacate the 1933 judgment and sentence. The Motion was denied, and petitioner appealed to the Court of Appeals of the State of Arizona. The Court of Appeals held that the denial of a Motion to Vacate Judgment and Sentence was not an appealable order under § 13–1713 Arizona Revised Statutes. State of Arizona v. Garcia, 3 Ariz.App. 194, 412 P.2d 876.

Petitioner then sought Writ of Habeas Corpus in the State Court. The petition for the writ was denied by the Arizona Court of Appeals, Garcia v. Eyman, 4 Ariz.App. 37, 417 P.2d 550, which relied upon State v. Court of Appeals, Division 2, 101 Ariz. 166, 416 P.2d 599.[1]

■ In his petition to this Court petitioner attacks the constitutionality of the 1933 conviction under the Sixth Amendment. He does not attack the validity of the 1963 conviction, except as it relates to the sentence as a recidivist based upon the 1933 conviction. This procedure is a valid one in the Federal Courts. United States ex rel. Durocher v. LaVallee, 2nd Cir. 1964, 330 F.2d 303, cert. den. 377 U.S. 998, 84 S.Ct. 1921, 12 L.Ed. 2d 1048; United States ex rel. Easterling v. Wilkins, 2nd Cir. 1962, 303 F.2d 883.[2]

■ That the petitioner was entitled to have the assistance of counsel upon the 1933 charge is unquestioned. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; Doughty v. Maxwell, 376 U.S. 202, 84 S.Ct. 702, 11 L.Ed.2d 650. At the time petitioner was prosecuted in 1933 § 5001 Arizona Code Annotated, 1928, provided:

"If the defendant appear for arraignment without counsel, he shall be informed by the court that it is his right to have counsel before being arraigned, and shall be asked if he desires the aid of counsel; if he desires counsel, and declares upon examination by the court, under oath, that he has no means to employ the same, the court, in its discretion, may assign one or more attorneys at law to that duty. * * * "

That a defendant be advised of his right to counsel at the time of arraignment appears to have been mandatory under the foregoing statute. It would be generally presumed that the trial court would perform its mandatory function. The record in this case sets forth in detail the minute entries at the time of arraignment, plea, and sentence. Nowhere does it appear that petitioner was advised of his right to counsel, nor that counsel appeared in his behalf, nor that counsel was appointed to assist him. It does not appear that petitioner intelligently waived his right to counsel.

In view of the state of the record as herein set forth the 1933 conviction cannot stand. United States ex rel. Durocher v. LaVallee, 2 Cir., 330 F.2d 303, cert. den. 377 U.S. 998, 84 S.Ct. 1921, 12 L.Ed.2d 1048; Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70.

Wherefore, it is ordered that the above entitled cause be remanded to the Superior Court of the State of Arizona in and for the County of Pima for the purpose of resentencing of the 1963 conviction pursuant to § 36–1002.05, subsec. A, Arizona Revised Statutes.

---

1. In State v. Court of Appeals, Division 2, supra, in issuing a Writ of Prohibition to the Court of Appeals on a Petition for Writ of Habeas Corpus the Arizona Supreme Court stated: "The writ of habeas corpus may be used only to review matters affecting court's jurisdiction." (Citing authorities). The Court further stated: "Even an alleged denial of due process must be of such nature to deprive a Court of jurisdiction to allow the issuance of the writ." (Citing authorities). The Supreme Court then cites Eyman v. Cumbo, 99 Ariz. 8, 405 P.2d

889, for the proposition that: " * * * matters which had been raised on appeal or which might reasonably have been raised, are finally adjudicated thereby, and cannot be relitigated by means of habeas corpus. The writ of habeas corpus sought was not the appropriate remedy in this case. This collateral attack on the judgment does not challenge the jurisdiction of the Court, but goes to an alleged error in the trial procedure."

2. See also Arketa v. Wilson, 9th Cir. 1967, 373 F.2d 582.