441 P.2d 559

**In the Matter of the Application of Raul M. Garcia For a Writ of Habeas Corpus.**

**Raul M. GARCIA, Petitioner,**

v.

**The STATE of Arizona ex rel. Frank A. EYMAN, Warden, Arizona State Prison, Respondents.**

**No. 2 CA–HC 79.**

Court of Appeals of Arizona.

May 8, 1968.

As Amended on Denial of Rehearing June 5, 1968.

Raul M. Garcia, in pro. per.

Darrell F. Smith, Atty. Gen., Phoenix, for respondents.

HATHAWAY, Chief Judge.

Raul M. Garcia filed a petition for a writ of habeas corpus in Pinal County Superior Court challenging his conviction of petty theft with a prior conviction and the sentence imposed thereon.[1] The grounds of challenge are:

1. Illegality of prior conviction of petty theft because of failure to appoint counsel.

2. The trial court did not find him guilty of the prior conviction before sentencing him for petty theft with a prior.

3. The latter petty theft conviction is void since the jury's finding him guilty of same was inconsistent with its finding him not guilty of burglary as charged in the same information.

The superior court denied the petition without a hearing. The petitioner then filed an original writ with this court, stating in affidavit form:

"2. That on or about the 28th day of June, 1966, in the South Tucson Magis-

trate Court, South Tucson, Arizona, he was accused of the crime of Petit Theft.

3. That at the hearing on the above he requested the assistance of counsel. And was informed by the court that he would not be furnished counsel. He was not therefore represented by counsel here.

4. That thereafter he was found guilty of the charge. And sentenced to five (5) days in the South Tucson City Jail or a fine of Fifty (50) Dollars. He served the five (5) days and was discharged.

5. That on or about the 23d of June, 1967, he was accused of the crimes of burglary and petit theft, in the superior court of Pima County, cause #A–15938, and with having suffered the previous misdemeanor conviction set forth in paragraph 2 of this affidavit.

6. That at arraignment the court appointed counsel, and a plea of not guilty was entered and petitioner denied the prior conviction.

7. That subsequent thereto upon the advise of counsel petitioner admitted the prior misdemeanor conviction.

8. That trial was to a jury upon the plea of not guilty to both counts.

9. That the jury returned a verdict of not guilty as to Count I, and a verdict of guilty as to Count II [being the petty theft with a prior conviction].

\* \* \* \* \* \*

12. That he was sentenced to a term of one (1) to two (2) years in the State Prison."

We subsequently ordered that the attorney general file a response within five days or the writ would issue, citing State v. Reagan, Ariz., 440 P.2d 907 (filed April 25, 1968). No response has been filed and we assume that the record below supports the

---

1. A.R.S. § 13–1649, subsec. A provides that:

"A. A person who, having been previously convicted for petty theft \* \* \* shall be punished upon conviction of such subsequent offense as follows:

\* \* \* \* \*

3. If the subsequent conviction is for petty theft \* \* \* by imprisonment in the state prison not exceeding five years."

petitioner's contention that he was not afforded counsel at the time the prior petty theft conviction was entered against him. The record of the prior conviction must show that the defendant was represented by counsel or advised of his right to counsel and in such event a waiver of such right must appear. Without the foregoing, the prior conviction could not be used to increase the punishment in the subsequent prosecution.

, Since the petitioner has served more than the six ·months maximum imprisonment authorized under a petty theft conviction, it is ordered that the writ of habeas corpus issue and the petitioner be released from custody.

MOLLOY and KRUCKER, JJ., concur.