447 P.2d 274

**Samuel O. ROSTHENHAUSLER, Petitioner,**

**v.**

**The STATE of Arizona ex rel. Frank A. EYMAN, Warden, Arizona State Prison, et al., Respondents.**

**No. 2 CA–HC 96.**

Court of Appeals of Arizona.

Nov. 27, 1968.

Rehearing Denied Jan. 22, 1969.

Samuel O. Rosthenhausler, in pro. per.

Gary K. Nelson, Atty. Gen., Thomas M. Tuggle, Asst. Atty. Gen., Phoenix, for respondents.

HATHAWAY, Chief Judge.

The petitioner herein has instituted these habeas corpus proceedings to challenge the validity of the sentence he is presently serving upon his conviction of a second offense of joyriding, a felony under A.R.S. § 13–672, subsec. B. The petitioner contends:

"* * * that the felony sentence which he is now serving is null and void, by virtue of use of an invalid prior misdemeanor to statutorily enhance the crime of joyriding to a felony status under A.R.S. 13–672(B)."

and:

"* * * the prior misdemeanor is invalid for the reason that the conviction was obtained in violation of the Sixth and Fourteenth Amendments to the Federal Constitution in that he was denied assistance of counsel. Upon petitioner's request for counsel to be appointed in the Justice Court the Magistrate informed petitioner he was not entitled to court-appointed counsel because the charge was only a misdemeanor."

On December 20, 1965, in justice court, precinct No. 2, Pima County, Arizona, the defendant entered a plea of guilty to joyriding, a misdemeanor, and was sentenced to $100 or 60 days. The minute entry recites that the defendant was "informed of his rights" but the state in response to

the petition for writ of habeas corpus, admits that the petitioner was not represented by counsel at the time in question. Subsequently, the petitioner was charged with the offense of joyriding with a prior conviction. At his arraignment he denied the prior conviction but on March 29, 1967, the date set for trial, the petitioner withdrew his denial of a prior conviction.

At trial, the jury returned a verdict of "guilty" and on April 11, 1967, the defendant was adjudged guilty in accordance with the verdict and sentenced to the Arizona State Prison for a period of not less than three nor more than five years, commencing that day. The defendant was represented by counsel during the proceedings which resulted in the sentence herein attacked, including the admission of the prior conviction of joyriding.

The petitioner relies on State v. Reagan, 103 Ariz. 287, 440 P.2d 907 (1968) and this court's decision in Garcia v. State, 7 Ariz. App. 524, 441 P.2d 559 (1968) in support of the contentions set forth above. In *Reagan*, our Supreme Court held that:

> " * * * when an allegation of prior conviction of petty theft is used to enhance punishment it effectively becomes a 'serious offense' which requires that the record of that prior conviction show that defendant was represented by counsel, or advised of his rights to counsel and waived his right to counsel, before it can be used in the subsequent prosecution."

440 P.2d at 909.

In *Reagan*, however, the question of use of the prior conviction to enhance the punishment on a subsequent conviction was raised in the trial court prior to sentencing on the subsequent conviction. Such was not the case in *Garcia*, supra, wherein we permitted, and we believe mistakenly, the question to be raised by collateral attack. In that respect therefore, we hereby expressly overrule *Garcia*.

■ Careful scrutiny of the *Reagan* decision reveals no expression by the Supreme Court of this State, expressly or by implication that either the underlying prior conviction or the subsequent conviction is void. In this jurisdiction we are committed to the rule that the writ of habeas corpus may be used only to review matters affecting the trial court's jurisdiction. State v. Court of Appeals, 101 Ariz. 166, 416 P.2d 599 (1966). We do not believe the trial court has a duty to inquire into the constitutional validity of prior misdemeanor convictions which form the basis for enhanced punishment on a subsequent conviction. See State ex rel. Plutshack v. State Department of Health and Social Services, 37 Wis.2d 713, 155 N.W.2d 549, 157 N.W.2d 567 (1968). Nor do we believe that the petitioner's conviction of felony joyriding was rendered void because in the prior misdemeanor conviction, pleaded as an element of such felony, the defendant was without counsel at the time he pleaded guilty to the misdemeanor. See Ex parte Carpenter, 425 S.W.2d 821 (Tex.Cr.App.1968).

■■ Although we are cognizant of existing contrary authority,[1] we are of the opinion, and so hold, that the validity of a prior misdemeanor conviction which forms the basis for the subsequent felony charge cannot be questioned in a collateral attack in a habeas corpus proceeding relating to the felony sentence. Cook v. Maxwell, 177 Ohio St. 41, 201 N.E.2d 787 (1964), cert. denied, 381 U.S. 917, 85 S.Ct. 1543, 14 L.Ed.2d 437; Fosten v. Maxwell, 177 Ohio St. 74, 202 N.E.2d 425 (1964); See also Ex parte Wingfield, 162 Tex.Cr.R. 112, 282 S.W.2d 219 (1955),

1. See, e. g., In re Woods, 64 Cal.2d 3, 48 Cal.Rptr. 689, 409 P.2d 913 (1966); In re Tucker, 64 Cal.2d 15, 48 Cal.Rptr. 697, 409 P.2d 921 (1966); People v. Merriam, 66 Cal.2d 390, 58 Cal.Rptr. 1, 426 P.2d 161 (1967); People v. Dabney, 250 Cal.App.2d 933, 59 Cal.Rptr. 243 (1967); Garcia v. Eyman, 265 F.Supp. 951 (D.Ariz.1967); United States ex rel. Durocher v. LaVallee, 330 F.2d 303 (2d Cir. 1964), cert. denied, 377 U.S. 998, 84 S.Ct. 1921, 12 L.Ed.2d 1048.

cert. denied, 350 U.S. 1002, 76 S.Ct. 553, 100 L.Ed. 866. Any challenge to the validity of the prior conviction must be interposed during the proceedings on the subsequent charge, and any error as to the subsequent conviction must be raised by appeal. Cook v. Maxwell, supra.

Since the petitioner has failed to demonstrate a jurisdictional defect in the proceedings below, he is not entitled to habeas corpus relief and the petition for same is hereby denied.

MOLLOY and KRUCKER, JJ., concur.