451 P.2d 877

Le Roy SMITH, Petitioner,

v.

Frank A. EYMAN, Warden, Arizona State Prison, et al., Respondents.

No. H–284.

Supreme Court of Arizona.

In Banc.

March 19, 1969.

Le Roy Smith, in pro. per.

Gary K. Nelson, Atty. Gen., Norval C. Jesperson, Asst. Atty. Gen., Phoenix, for respondents.

LOCKWOOD, Vice Chief Justice.

Le Roy Smith, hereinafter referred to as petitioner, was convicted in 1964 of the crime of petty theft, in violation of A.R.S. §§ 13–661 and 13–663. The record of that conviction indicates that petitioner was not represented by counsel but fails to indicate whether petitioner was informed of his right to counsel or whether he effectively waived his right to counsel.

Subsequent to the conviction for petty theft, petitioner was tried and convicted for the crime of forgery, in violation of A.R.S. § 13–421, with a charge of prior conviction pursuant to A.R.S. § 13–1649, subsec. A. The allegation of prior conviction in the forgery charge related to the earlier conviction for petty theft. The prior conviction was used to enhance the conviction for forgery, resulting in petitioner being sentenced to a minimum of ten years and a maximum of eleven years at the Arizona State Penitentiary. Respondent, State of Arizona, indicates that the actual sentence imposed was within the statutory limitations for a first offense, but concedes that the prior conviction was used to enhance the sentence for the forgery conviction.

Petitioner applied to this Court in January of 1968 for a writ of habeas corpus, for purpose of determining whether the trial court wrongfully sentenced petitioner under the recidivist statute, where the prior conviction was based on a charge which did not afford petitioner a right to appointed counsel. That application for writ of habeas corpus was denied February 7, 1968.

On July 1, 1968, the Assistant Attorney General for the State of Arizona filed a motion with this Court to reopen petitioner's application for writ of habeas corpus.

The motion to reopen was based on the opinion by this Court in State v. Reagan, 103 Ariz. 287, 440 P.2d 907 (1968). See also Garcia v. State ex rel. Eyman, 7 Ariz. App. 524, 441 P.2d 559 (1968).

State v. Reagan, *supra*, involved a defendant who was charged and convicted on two different occasions for petty theft. The second charge included an allegation of the prior conviction for petty theft, and the conviction on the second charge, with prior conviction, resulted in enhancement of the penalty on the second charge to a felony. The Court held that:

"* * * when an allegation of prior conviction of petty theft is used to enhance punishment it effectively becomes a 'serious offense' which requires that the record of that prior conviction show that defendant was represented by counsel, or advised of his rights to counsel and waived his right to counsel, before it can be used in the subsequent prosecution." 103 Ariz. at 289, 440 P.2d at 909.

The Reagan case was decided in view of the opinion expressed by the United States Supreme Court in Burgett v. State of Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). The Burgett decision was rendered subsequent to Le Roy Smith's appeal of his conviction for forgery and was thus not considered in this Court's affirmance of that conviction. Because of our holding in the Reagan case, and in view of the holding of the United States Supreme Court in the Burgett case, we are compelled to hereby overrule State v. Smith, 99 Ariz. 106, 407 P.2d 74 (1965) to the extent that anything therein might be contrary to Reagan and Burgett. We also hereby overrule anything in State v. Salazar, 3 Ariz.App. 114, 412 P.2d 289 (1966) which might be contrary to the opinion expressed herein.

The Reagan holding applies to petitioner's conviction and sentencing in the case at bar. The writ of habeas corpus is granted, and the case remanded to the Superior Court of Pima County with in-

structions to resentence petitioner pursuant to State v. Reagan, *supra*.

UDALL, C. J., and STRUCKMEYER, McFARLAND, and HAYS, JJ., concur.