635 P.2d 510

Johnny Jenaro BACA, Petitioner,

v.

The Honorable James E. DON, Judge of the Pinal County Superior Court, and The Honorable Leo S. Coombs, Apache Junction City Magistrate, and The City of Apache Junction, real party in interest, Respondents.

No. 2 CA–CIV 3995.

Court of Appeals of Arizona, Division 2.

April 30, 1981.

1. Compare *Crouch v. Justice of the Peace Court*, 7 Ariz.App. 460, 440 P.2d 1000 (1968), with *Shenfield v. City Court*, 8 Ariz.App. 81, 443 P.2d 443 (1968).

Tidwell & Matte by Michael D. Tidwell, Apache Junction, for petitioner.

Martinez, Curtis, Goodwin, Karasek & Haddy by Ellen M. Crowley, Phoenix, for respondent real party in interest.

OPINION

HATHAWAY, Chief Judge.

Petitioner seeks special action relief concerning a superior court ruling in an appeal from a sentence imposed in city court. We sua sponte raise the question of our jurisdiction and conclude that this court lacks jurisdiction to entertain this special action. There has been a conflict in the decisions of the two divisions of the Court of Appeals on this jurisdictional question.[1] We therefore deem it appropriate to issue this formal opinion in which we retreat from our previous view.

The Court of Appeals is a court of limited jurisdiction and has only the jurisdiction specifically given to it by statute. *Campbell v. Arnold*, 121 Ariz. 370, 590 P.2d 909 (1979). It may issue writs "necessary and proper to the complete exercise of its appellate jurisdiction." A.R.S. § 12–120.-21(A)(3). Its appellate jurisdiction pertains only to actions and proceedings originating in or permitted by law to be appealed from the superior court, except criminal actions involving crimes for which a sentence of death or life imprisonment has actually been imposed. A.R.S. § 12–120.21(A)(1).

A criminal misdemeanor case which is tried on its merits in justice court or city court may be appealed to the superior court. Ariz.Const. art. 6, § 16. The decision of the superior court is final and there is no further right of appeal.[2] *Crouch*

2. The only exception is when the validity of a tax, impost, assessment, toll, municipal fine or statute is challenged by the defendant. A.R.S. § 22–375; Ariz.Const. art. 6, § 5(3).

*v. Justice of the Peace Court,* supra, n. 1. As petitioner has no potential right of direct appeal to this court, we have no special action jurisdiction. *See Brooks v. Jennings,* 17 Ariz.App. 407, 498 P.2d 481 (1972). We specifically overrule any statements in *Shenfield* that our special action jurisdiction extends to situations where we might have potential *indirect* appellate jurisdiction. The special action jurisdiction of this court is not as broad as that of the supreme court. *See State v. Court of Appeals, Division Two,* 101 Ariz. 166, 416 P.2d 599 (1966).

◦ The petition for special action is transferred to the supreme court pursuant to A.R.S. § 12–120.22(B).*

HOWARD and BIRDSALL, JJ., concur.

*On June 16, 1981 the Supreme Court declined to accept jurisdiction of the Petition for Special Action.