826 P.2d 337

**STATE of Arizona, ex rel. Roderick G. McDOUGALL, Phoenix City Attorney, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA; Honorable Frederick J. Martone, a Judge thereof, Respondent Judge.**

**Jerome G. KLEMENCIC, Real Party in Interest.**

**No. 1 CA–SA 91–137.**

Court of Appeals of Arizona, Division 1, Department D.

Aug. 29, 1991.

Review Denied March 17, 1992.*

Roderick G. McDougall, Phoenix City Atty. by Taras K. Naum, Asst. City Prosecutor, Phoenix, for petitioner.

Michael B. Morrison, Phoenix, for real party in interest.

OPINION

CLABORNE, Judge.

The State of Arizona brings this special action challenging the superior court's affirmance of the Phoenix city magistrate's suppression of Jerome G. Klemencic's (defendant) breath alcohol test results. Because we find that the state presented sufficient evidence relating defendant's breath test results back to the time of the arrest,

---

* Martone, J., of the Supreme Court, recused himself and did not participate in the determination of this matter.

we accept jurisdiction of this special action and grant the relief requested.

## JURISDICTION

■ Defendant filed a motion to dismiss this special action arguing that this court has no jurisdiction to entertain this special action. Citing *Baca v. Don*, 130 Ariz. 222, 223, 635 P.2d 510, 511 (App.1981), defendant claims that no special action jurisdiction exists where a petitioner has no potential right of direct appeal to the court of appeals. As defendant points out, the state has no right of direct appeal to this court because Rule 13(b) of the Superior Court Rules of Criminal Appellate Procedure precludes any further appeal from a case that has been appealed from a justice court or police court to the superior court.

■ The court of appeals, as a court of limited jurisdiction, has only the jurisdiction conferred on it by statute. *Baca*, 130 Ariz. at 222, 635 P.2d at 510 (citing *Campbell v. Arnold*, 121 Ariz. 370, 590 P.2d 909 (1979). Since *Baca*, A.R.S. § 12–120.21(A) has been amended to expand the court of appeal's special action jurisdiction. The amendment specifically provides that the court of appeals has "[j]urisdiction to hear and determine petitions for special actions brought pursuant to the rules of procedure for special actions, *without regard to its appellate jurisdiction.*" A.R.S. § 12–120.-21(A)(4) (emphasis added). Therefore, this court has jurisdiction to hear a special action in a case originating in justice or police court that has been appealed to the superior court. *See State v. Aguilar*, 89 Ariz. Adv.Rep. 52, 53–54 (June 25, 1991).

The next question is whether special action jurisdiction exists under the facts of this particular case. Because there is no adequate remedy by appeal in this case and because we feel that interpretation of the rule set forth in *Desmond v. Superior Court*, 161 Ariz. 522, 529, 779 P.2d 1261, 1268 (1989), is a matter of statewide concern, we accept jurisdiction of this special action.

## FACTS AND PROCEDURAL BACKGROUND

On February 5, 1990, at 10:58 p.m., Officer Celaya stopped defendant for traveling too slowly on North Seventh Street and for traveling without his headlights on at night. Officer Celaya asked defendant where he was coming from. Defendant responded that he had had a few beers and that he had had too much to drink. He then gave his car keys to Officer Celaya. Defendant declined to perform the field sobriety tests.

Officer Celaya read defendant his *Miranda* rights and arrested him at 11:10 p.m. Defendant was transported to the Squaw Peak station where a breath test was administered at 12:26 a.m. The results of the breath test showed a breath alcohol concentration (BAC) of .22 percent. Defendant was cited with violating former A.R.S. § 28–692(A),[1] driving while under the influ-

---

1. Former A.R.S. § 28–692 provided, in pertinent part:

 A. It is unlawful and punishable as provided in § 28–692.01 for any person who is under the influence of intoxicating liquor to drive or be in actual physical control of any vehicle within this state.
 B. It is unlawful and punishable as provided in § 28–692.01 for any person to drive or be in actual physical control of any vehicle within this state while there is 0.10 or more alcohol concentration in the person's blood or breath at the time of the alleged offense....
The statute has recently been amended to provide, in pertinent part:
 A. It is unlawful and punishable as provided in § 28–692.01 for any person to drive or be in actual physical control of any vehicle within

this state under any of the following circumstances:
 1. While under the influence of intoxicating liquor, any drug, a vapor releasing substance containing a toxic substance or any combination of liquor, drugs or vapor releasing substances if the person is impaired to the slightest degree.
 2. If the person has an alcohol concentration of 0.10 or more within two hours of driving or being in actual physical control of the vehicle.
 3. While there is any drug defined in § 13–3401 or its metabolite in the person's body.
 B. It is an affirmative defense to a charge of a violation of subsection A, paragraph 2, of this section if the person did not have an alcohol concentration of 0.10 or more at the time of driving....

ence; former § 28–692(B), driving with an alcohol concentration of .10 percent or more; and § 28–924(A), driving without headlamps at night.

Prior to trial, defendant filed a motion to suppress his breath test results arguing that the state would be unable to offer any testimony relating the breath test results back to the time of the driving. The city magistrate conducted a hearing on the motion. At the hearing, the state made an offer of proof that Pat Chavez of the City of Phoenix Crime Lab would testify that defendant would have to have consumed six and two-thirds standard size drinks five minutes prior to leaving the bar in order to have a BAC of .10 percent or below at the time of driving. The magistrate granted defendant's motion to suppress.

The state timely appealed to Maricopa County Superior Court. The superior court judge affirmed the magistrate's suppression of the breath test results, stating:

This [the offer of proof] is pretty compelling evidence. But there is a missing link. There was no evidence below as to how many drinks the defendant did or did not have within any time frame before driving. If the State had any evidence from which it could be inferred that the defendant did not have the requisite number of drinks within the requisite time period, then together with the expert's testimony, the jury could have drawn a reasonable inference as to the BAC at the time of arrest. But here, the expert could only state a scientific proposition and had no other evidence to apply it to the defendant. Thus this expert was not in a position to render an opinion as to what the BAC range would have been at the time of the arrest.

### DISCUSSION

 In its petition for special action, the state argues that its offer of proof and the corroborating facts of defendant's driving, his statement that he had had too much to drink, and the unsolicited surrender of his car keys are sufficient evidence to satisfy

the relation back requirement of *Desmond*. We agree.

*Desmond* held that to receive the statutory presumption instruction under § 28–692(A) or to make a *prima facie* case under § 28–692(B), there must be "some evidence" relating the BAC back to the time of driving. *Desmond*, 161 Ariz. at 529, 779 P.2d at 1268. The *Desmond* decision involved two cases consolidated for disposition. In the first case, the evidence at trial established that Desmond had consumed two or three "shots" of liquor between 12:30 a.m. and 1:00 a.m. *Id.* at 524, 779 P.2d at 1263. He was stopped at 1:20 a.m. and given a breath test at approximately 2:15 a.m. His BAC at that time was .13 percent. *Id.* An expert testified that, based on these facts, Desmond's BAC at the time he was stopped was probably .03 percent. *Id.* at 524–25, 779 P.2d at 1263–64. The supreme court determined that because no expert testimony was presented that the BAC at the time of the arrest was .10 percent or more, there could be no presumption that Desmond was driving under the influence at that time. *Id.* at 529, 779 P.2d at 1268. In the second case, the state's only witness was the arresting officer who testified to the defendant's condition at the time of the arrest and to the fact that the defendant's BAC at the time of testing, approximately one hour after arrest, was .13 percent. *Id.* at 525, 779 P.2d at 1264. The supreme court reversed the defendant's convictions under both §§ 28–692(A) and (B) because there was no attempt to relate the BAC reading back to the time of the arrest. *Id.* at 529, 779 P.2d at 1268.

In the present case, the state claimed in its offer of proof that its expert would testify that defendant would have to have consumed six and two-thirds standard size drinks five minutes before leaving the bar in order to have a BAC level of .10 percent or below at the time of driving. Similar expert testimony was provided in *State v. White*, 155 Ariz. 452, 455–56, 747 P.2d 613, 616–17 (App.1987). There, the state's expert testified that the defendant would

A.R.S. § 28–692 as amended by Laws 1990, Ch. 375, § 8.

have to have had six or seven beers shortly before leaving the bar to have a .234 reading at the time of testing, but not to have had a BAC of at least .10 when stopped. The state also presented the police officer's testimony on the defendant's driving behavior and performance on field sobriety tests which, according to the court, corroborated the .234 reading and demonstrated that it was not a mistake. *Id.* at 456, 747 P.2d at 617. Although noting that Arizona law did not require relation back evidence at that time, the court of appeals indicated that the state did in fact introduce relation back evidence. *Id.* at 455, 747 P.2d at 616.

We agree with the superior court judge that this portion of *White* survives *Desmond.* We do not feel, however, as the superior court judge did, that *White* requires the expert to rule out all possible situations in which the driver's BAC could conceivably be below .10 percent at the time of driving. It is only necessary under *Desmond* to provide "some evidence" relating the BAC back to the time of driving.

The superior court judge reasoned that there was a missing link in this case—there was no evidence as to how many drinks defendant did or did not have within any time frame before driving. We believe such evidence is unnecessary when there is expert testimony and other corroborating facts from which one could conclude that defendant's BAC was .10 percent or higher at the time of the arrest.

Therefore, we hold that the state provided sufficient evidence relating defendant's BAC back to the time of arrest. Accordingly, we remand this case to the Phoenix Municipal Court for further proceedings.

TAYLOR and VOSS, JJ., concur.