NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

_____

In re the Marriage of:

DIMITRI ROZENMAN, *Petitioner/Appellant*,

*v.*

JANA ROZENMAN, *Respondent/Appellee*.

No. 1 CA-CV 13-0280
FILED 05-27-2014

_____

Appeal from the Superior Court in Maricopa County
No.  FC2008-001839
The Honorable Janice K. Crawford, Judge

**AFFIRMED**

_____

COUNSEL

Schutt Law Firm, P.L.C., Scottsdale
By Kenneth W. Schutt, Jr.
*Counsel for Petitioner/Appellant*

J. Douglas McVay, Attorney at Law, Phoenix
By J. Douglas McVay

R. Stewart Halstead, P.C., Glendale
By R. Stewart Halstead
*Co-Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Andrew W. Gould joined.

---

**P O R T L E Y**, Judge:

**¶1**        Dimitri Rozenman ("Husband") appeals the family court's order denying his motion to terminate a receivership.  For the following reasons, we affirm.

### FACTS[1] AND PROCEDURAL HISTORY

**¶2**        Husband and Jana Rozenman ("Wife") were married on October 27, 2003.  Three years after the birth of their twin daughters, Husband filed for divorce.  Following a trial, the family court entered a divorce decree on January 20, 2009.  In addition to dissolving the marriage, the decree resolved custody, parenting time, child support and spousal maintenance.  The decree also divided various property interests between the parties.  In particular, the decree determined Husband was the sole owner of a cigar business valued at $517,884, and was responsible for paying "Wife $139,350 for her one-half of the community interest in the business."  Husband appealed the decree's division of property and this court subsequently affirmed the judgment. *See Rozenman v. Rozenman*, 1 CA-CV 09-0337, 2010 WL 845924, at *1, ¶ 1 (Ariz. App. March 11, 2010) (mem. decision).

**¶3**        One month after the entry of the decree, Husband was arrested and indicted for conspiracy to commit first-degree murder against Wife.  Husband subsequently gave a power of attorney to his business manager to manage the cigar business during his absence.  Husband was subsequently convicted by a jury and sentenced to a minimum term of twenty-five years in prison.

---

[1] "We view the evidence in the light most favorable to sustaining the trial court's findings." *In re Marriage of Priessman*, 228 Ariz. 336, 337, ¶ 2, 266 P.3d 362, 363 (App. 2011) (citation omitted) (internal quotation marks omitted).

¶4        Husband revoked the power of attorney he had given to his business manager and gave a power of attorney to his girlfriend in April 2010 so she could run his cigar business. Wife then filed a petition for appointment of receiver of Husband's business. The family court granted Wife's petition, appointed the business manager as the receiver, and ordered the receiver to pay to Wife sums due under the decree, including child support, Wife's portion of the community property interest in the cigar business, and other sums. Additionally, the receiver was ordered to provide quarterly financial statements to both parties and to pay any excess funds from the business directly to Husband's prison account or designated individual account. Husband did not challenge the appointment of a receiver.

¶5        Husband subsequently filed a motion to terminate the receiver, but it was denied. He later filed a second unsuccessful motion arguing that because of changed circumstance — Wife had received her portion of the community property interest as ordered in the decree — there was no need for a receiver. He then filed this appeal.

**DISCUSSION**

I.    **Appointment of Receiver**

¶6        Although Husband conceded at oral argument that he was not challenging the appointment of a receiver, we will address the two arguments in his brief. Husband first contends that the family court erred because Arizona Revised Statutes ("A.R.S.") section 29-655[2] within the Arizona Limited Liability Company Act prohibits the appointment of a receiver.[3] Specifically, he argues that his assets were comprised solely of

---

[2] We cite the current versions of all applicable statutes absent any changes material to this decision.

[3] Husband also argues that the family court "exceeded its jurisdiction" by appointing a receiver in violation of § 29-655. Husband's brief, however, conflates the concept of "jurisdiction" with "legal error." *See Vicari v. Lake Havasu City*, 222 Ariz. 218, 221-22, ¶ 12, 213 P.3d 367, 370-71 (App. 2009) (distinguishing "jurisdiction" as the power of the court to act, and "legal error" as whether the court acted correctly); *see also State ex rel. Dandoy v. City of Phx.*, 133 Ariz. 334, 338, 651 P.2d 862, 866 (App. 1982) ("An erroneous interpretation and application of a statutory provision, however, will normally constitute mere legal error and not operate to

his business, a limited liability company, therefore Wife's exclusive remedy under § 29-655 was to secure a "charging order against the interest of Husband in the limited liability compan[y]." He also argues that even if receivership was a proper remedy, the court was only authorized to order the appointment of the receiver pursuant § 25-508 and not § 12-1241. Husband contends that because Wife failed to comply with the requirements of § 25-508, the appointment of the receiver was void.

¶7          "The court of appeals, as a court of limited jurisdiction, has only the jurisdiction conferred on it by statute." *State ex rel. McDougall v. Superior Court*, 170 Ariz. 474, 475, 826 P.2d 337, 338 (App. 1991). Section 12-2101(A)(5)(b) provides that appeals may be taken from an order "appointing a receiver." In *Sato v. First National Bank of Arizona*, this court addressed the consequences for failing to timely appeal the appointment of a receiver. 12 Ariz. App. 263, 265-66, 469 P.2d 829, 831-32 (1970). There, defendants appealed the appointment of a receiver more than a year after the appointment, alleging the appointment was void for lack of notice. *Id.* at 264-65, 469 P.2d at 830-31. We held that the failure of the defendants to timely appeal an appealable order prohibited a party from "[raising] this issue on an appeal from the final judgment." *Id.* at 265-66, 469 P.2d at 831-32 ("[T]he order appointing a receiver without notice was not void, but is appealable, and the failure to so appeal precludes the raising of the issue on an appeal from the final judgment.").

¶8          Here, Husband challenges the original appointment of the receiver. Because § 12-2101(A)(5)(b) allowed Husband to appeal the appointment of a receiver, he needed to file his appeal within thirty days after the June 2010 signed order appointing a receiver. *See* ARCAP 9(a). He cannot now challenge the appointment of the receiver. Because he did not file a timely appeal, we do not have jurisdiction to address the appointment of the receiver. *See Sato*, 12 Ariz. App. at 265-66, 469 P.2d at 831-32.

II.    **Changed Circumstances**

¶9          Husband also contends the family court erred by denying his motion to terminate the receivership. Specifically, Husband argues that the receivership was no longer necessary because Wife had been paid

deprive . . . jurisdiction."). Because the family court has jurisdiction to enforce the divorce decree, we address his legal error claims.

4

the total sum of her community property interests from the divorce decree.

¶10          The family court may modify or terminate support provisions if there is a showing of substantial and continuing changed circumstances.  A.R.S. § 25-327(A); *In re Marriage of Waldren*, 217 Ariz. 173, 175, ¶ 8, 171 P.3d 1214, 1216 ("If the parties' circumstances substantially change, courts generally may modify or terminate support . . . provisions accordingly.").  We review the determination as to whether a party has sufficiently demonstrated changed circumstances for an abuse of discretion.  *Fletcher v. Fletcher*, 137 Ariz. 497, 497, 671 P.2d 938, 938 (App. 1983).  An abuse of discretion exists if the family court's determination is unsupported by competent evidence.  *Jenkins v. Jenkins*, 215 Ariz. 35, 37-38, ¶ 8, 156 P.3d 1140, 1142-43 (App. 2007).

¶11          Here, the family court placed Husband's business in receivership under the business manager to ensure that Husband, while in prison, paid his child support obligation and other payments to satisfy Wife's interest in the parties' community property.  The court denied his effort in January 2013.  Specifically, the court stated that the receivership was still necessary to ensure Husband's continuing obligation to pay child support and "[t]o the extent that [Husband] is currently incarcerated and may continue to be incarcerated in the future, the Court's ability to enforce payment of the ongoing child support payment is limited."

¶12          Husband does not contest the family court's finding that he had a continuing obligation to pay child support.  Instead, he argues his ongoing child support obligation is insufficient to warrant the continuation of the receivership over his business after satisfying Wife's portion of the community property interests.  Husband, in essence, is asking us to reweigh the evidence and we will not.  *See Cauble v. Osselaer*, 150 Ariz. 256, 258, 722 P.2d 983, 985 (App. 1986) ("Where a factual determination within the trial court's discretion is challenged on appeal, we cannot reweigh the evidence and substitute our own evaluation of it.").  The family court appointed the receiver, in part, to ensure that Wife received the ordered child support payments.  Husband still has to pay $1674 per month as child support, maintain health insurance coverage for the children, and reimburse Wife ninety percent of any medical, dental, or orthodontia expenses not covered by health insurance.  Consequently, the court did not abuse its discretion by denying the motion to terminate the receivership.

III.     **Attorneys' Fees**

**¶13**        Both parties request attorneys' fees on appeal. We deny Husband's request because he is not the prevailing party. Wife requests attorneys' fees on appeal pursuant to A.R.S. § 25-324(A)–(B). Section 25-324(A) requires that we "examine both the financial resources and the reasonableness of the positions of each party," *Leathers v. Leathers*, 216 Ariz. 374, 379, ¶ 22, 166 P.3d 929, 934 (App. 2007), although we may award attorneys' fees on the basis of either the parties' financial disparity or reasonableness of their positions. *Magee v. Magee*, 206 Ariz. 589, 591 n.1, ¶ 8, 81 P.3d 1048, 1050 n.1 (App. 2004). Accordingly, because the record shows that Husband, through his business, has substantially greater financial resources than Wife, we award Wife her reasonable attorneys' fees and costs on appeal upon compliance with ARCAP 21.

## CONCLUSION

**¶14**        For the reasons set forth above, we affirm the order denying Husband's motion to terminate the receivership.



Ruth A. Willingham · **Clerk of the Court**
FILED: gsh