IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

---

MARY ANNA SOTOMAYOR,
*Plaintiff/Appellee,*

*v.*

PAULINE SOTOMAYOR-MUÑOZ,
*Defendant/Appellant.*

No. 2 CA-CV 2015-0156
Filed March 28, 2016

---

Appeal from the Superior Court in Pima County
No. C20151321
The Honorable Charles V. Harrington, Judge

**APPEAL DISMISSED**

---

COUNSEL

Bridegroom & Hayes, Tucson
By Bruce D. Bridegroom
*Counsel for Plaintiff/Appellee*

Quarles & Brady LLP, Tucson
By Marian Conrad LaLonde and Scott S. Simonson
*Counsel for Defendant/Appellant*

---

**OPINION**

Chief Judge Eckerstrom authored the opinion of the Court, in which
Presiding Judge Vásquez and Judge Espinosa concurred.

---

E C K E R S T R O M, Chief Judge:

**¶1**        Appellant Pauline Sotomayor-Muñoz (Muñoz) appeals from the trial court's judgment and denial of her motion to set aside the judgment in this eviction action.  Because we conclude this court lacks jurisdiction, we dismiss the appeal.

## Factual and Procedural Background

**¶2**        In March 2015, Mary Anna Sotomayor, Muñoz's mother, filed an eviction complaint, contending Muñoz wrongfully occupied her real property and had "fraudulently appropriated" more than $200,000 in property.  Muñoz filed a motion to dismiss, arguing that her mother had initiated multiple eviction actions against her when the case was in fact an ownership dispute that should be resolved through a quiet title action.  The trial court denied the motion to dismiss and after a hearing on the forcible detainer, found Sotomayor owned the property and ordered Muñoz to vacate the premises.  The court entered a formal judgment in the eviction action on April 9, 2015.

**¶3**        The same day, Muñoz filed a "Rule 15(a) Motion to Set Aside Judgment," citing Rule 15(c), Ariz. R. P. Eviction Actions.  She asserted that for various reasons the trial court lacked jurisdiction to proceed in a forcible detainer action, including that there was no lease or landlord-tenant relationship and that she had raised a claim of ownership over the property.  The court stayed the writ of execution in the matter, but denied the motion to set aside the judgment in an under-advisement ruling issued June 29, 2015 and an amended order issued June 30, 2015.  On July 1, 2015, Muñoz filed a notice of appeal, stating she appealed from the April judgment and the June denial of her motion to set aside the judgment.[1]

---

[1]On July 14, 2015, Muñoz also filed a motion for new trial, citing Rules 59(a)(1) and (a)(8), Ariz. R. Civ. P., but it does not appear the trial court ruled on that motion.  In any event, such a motion is not available in an eviction proceeding, Ariz. R. P. Eviction Actions 1, and the motion was untimely, *see* Ariz. R. Civ. P. 59(d)

**¶4** Sotomayor objected to Muñoz's notice of appeal and filed a motion to dismiss in this court, arguing her appeal was untimely. We denied the motion to dismiss as well as Muñoz's subsequent motion "for vacatur of the judgment," in which she alleged Sotomayor had rendered the matter moot by conveying the property to a third party. We further ordered additional briefing on the question of sanctions.

## Discussion

**¶5** "The court of appeals, as a court of limited jurisdiction, has only the jurisdiction conferred on it by statute." *McDougall v. Superior Court*, 170 Ariz. 474, 475, 826 P.2d 337, 338 (App. 1991). And, "'[i]t is settled in Arizona that the perfecting of an appeal within the time prescribed is jurisdictional; and, hence, where the appeal is not timely filed, the appellate court acquires no jurisdiction other than to dismiss the attempted appeal.'" *James v. Arizona*, 215 Ariz. 182, ¶ 11, 158 P.3d 905, 908 (App. 2007), *quoting Edwards v. Young*, 107 Ariz. 283, 284, 486 P.2d 181, 182 (1971). Based on authority not discussed by the parties in their motions, we now conclude we lack jurisdiction and must dismiss the appeal. *See McMurray v. Dream Catcher USA, Inc.*, 220 Ariz. 71, ¶ 4, 202 P.3d 536, 539 (App. 2009) ("this court has an independent duty to determine whether it has jurisdiction over an appeal").

**¶6** As Sotomayor pointed out in her motion to dismiss the appeal, Muñoz's notice of appeal was filed nearly three months after the trial court entered the final judgment. Rule 9, Ariz. R. Civ. App. P., requires that a notice be filed within thirty days of the entry of judgment. Thus, as Sotomayor correctly argued, this court lacks jurisdiction to consider an appeal of the underlying judgment. *See James*, 215 Ariz. 182, ¶ 11, 158 P.3d at 908.

**¶7** Muñoz's notice of appeal was, however, filed the day after the trial court entered its order denying her Rule 15 motion. In her motion to dismiss, Sotomayor merely asserted that the

---

(requiring motion for new trial to be filed within fifteen days of entry of judgment).

provisions of Rule 9 relating to post-judgment motions were "not applicable in this case."  Muñoz, in contrast, contended her Rule 15 motion was "[e]ffectively . . . a motion for a new trial" and its filing therefore extended the time for appeal under Rule 9(a).  Neither party's position correctly addresses the questions of jurisdiction presented here.

¶8        Rule 9 provides that the time for filing a notice of appeal is extended if "a party timely and properly files" certain motions in the lower court.  These motions are enumerated in Rule 9(e), and the list does not include Rule 15, Ariz. R. P. Eviction Actions.  And contrary to Muñoz's suggestion, her motion cannot be deemed one pursuant to Rule 59, Ariz. R. Civ. P., because the rules of civil procedure do not apply in eviction actions unless specifically incorporated by reference.  Ariz. R. P. Eviction Actions 1.  Thus, because the notice of appeal in this matter was filed more than thirty days after the judgment and because Rule 15 is not the basis for a time-extending motion, the notice is untimely as to the judgment. *See* Ariz. R. Civ. App. P. 9(a), (e).

¶9        Under A.R.S. § 12-2101, however, we have jurisdiction to hear an appeal from a final judgment or "[f]rom any special order made after final judgment."  Certain post-judgment motions have been specifically determined to be separately appealable.  Section 12-2101(A)(5)(a) specifically provides that an order granting or refusing a new trial under Rule 59 is appealable, and a ruling on a Rule 60(c) motion has been deemed appealable as a special order made after final judgment pursuant to § 12-2101(A)(2).  *M & M Auto Storage Pool, Inc. v. Chem. Waste Mgmt., Inc.*, 164 Ariz. 139, 141, 791 P.2d 665, 667 (App. 1990).  Whether a ruling on a motion made pursuant to Rule 15, Ariz. R. P. Eviction Actions, may be appealed under § 12-2101, however, is a question of first impression.

¶10       Rule 15 allows a party to request relief from judgment based on various grounds, including those relevant here, that the court lacked jurisdiction and that the judgment is contrary to the law.  The grounds provided in Rule 15 overlap Rules 59 and 60, Ariz. R. Civ. P., but they are not directly analogous.  And Rule 15 is not addressed in § 12-2101.

¶11    To determine whether a ruling on a motion under Rule 15 is appealable as a special order after judgment we must consider 1) whether the issues raised by the appeal from the order are different from those that would arise from an appeal, and 2) whether the order affects the judgment or relates to its execution. *Arvizu v. Fernandez*, 183 Ariz. 224, 226-27, 902 P.2d 830, 832-33 (App. 1995).   Rule 15 provides a wide variety of grounds for relief, so whether Rule 15 motions, like Rule 60(c) motions, should be deemed generally appealable is unclear.   But, because we determine the motion at issue here does not meet the test, we need not resolve that question.

¶12    Muñoz's motion, although couched in part as a question of jurisdiction, essentially challenged the merits of the judgment.  In it Muñoz argued there was no evidence of a landlord-tenant relationship and no lease and that a dispute as to ownership of the property existed.  These claims were the bases for Muñoz's defense at the hearing below.  The balance of the argument is a direct challenge to the judgment.  We therefore conclude that the order at issue here fails the first part of the test for determining whether an order qualifies as an appealable, special order made after final judgment.  *See id.* at 227, 902 P.2d at 833.  To allow Muñoz to separately appeal from the denial of her Rule 15 motion under the circumstances presented would allow her "a delayed appeal from the judgment."  *Id.*  Thus, the trial court's ruling on Muñoz's Rule 15 motion was not appealable, and this court lacks jurisdiction to consider her appeal of that ruling.

¶13    Because we conclude we lack jurisdiction to consider an appeal from the final judgment or from the order denying the Rule 15 motion, we do not address the issues presented in the parties' additional briefing, except Sotomayor's request for sanctions.  Sotomayor cites no statutory basis for her request.  *Cf. Roubos v. Miller*, 214 Ariz. 416, ¶ 21, 153 P.3d 1045, 1049 (2007) (party must state statutory or contractual basis for fee award); *Grand Canyon Pipelines, Inc. v. City of Tempe*, 168 Ariz. 590, 594, 816 P.2d 247, 251 (App. 1991) (exercising discretion to decline fee request unsupported by argument or citation to authority).  She merely complains that Muñoz has "propagate[d] vexatious litigation,"

citing her appeal in this matter, motions therein, and a separate complaint filed during the pendency of the appeal. Sotomayor has not explained, however, how Muñoz's arguments were frivolous, and we cannot say she has established that sanctions under Rule 25, Ariz. R. Civ. App. P., would be appropriate. *See Hoffman v. Greenberg*, 159 Ariz. 377, 380, 767 P.2d 725, 728 (App. 1988) ("The line between an appeal which has no merit and one which is frivolous is very fine, and we exercise our power to punish sparingly.").

**Disposition**

**¶14**        For the reasons above, we dismiss Muñoz's appeal from the judgment in favor of Sotomayor and the denial of the Rule 15 motion for lack of jurisdiction.