NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:
FRANCENE LAVERNE VINCENT, *Petitioner/Appellee*,

*v.*

PATRICK JUDE SHANOVICH, *Respondent/Appellant*.

No. 1 CA-CV 16-0431 FC
FILED 3-30-2017

Appeal from the Superior Court in Maricopa County
DR2000-095278
The Honorable Stephen M. Hopkins, Judge

**DISMISSED IN PART; VACATED IN PART**

COUNSEL

The Harrian Law Firm P.L.C., Glendale
By Daniel Riley
*Counsel for Respondent/Appellant*

Popp Law Firm, P.L.C., Tempe
By James S. Osborn Popp
*Counsel for Petitioner/Appellee*

---

**MEMORANDUM DECISION**

Chief Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Kenton D. Jones joined.

---

**B R O W N**, Chief Judge:

¶1 Patrick Shanovich ("Husband") appeals the superior court's order denying his motion to set aside a Qualified Domestic Relations Order ("QDRO") for an alleged clerical error. He also appeals the judgment awarding attorneys' fees to his former spouse, Francene Vincent ("Wife"). For the following reasons, we dismiss for lack of jurisdiction Husband's appeal of the order denying his motion to set aside the QDRO, and vacate the award of attorneys' fees.

**BACKGROUND**

¶2 After Wife filed a petition for dissolution of Husband and Wife's marriage, the superior court entered a decree of dissolution in October 2002. The decree provided that Wife would be awarded one-half of Husband's "retirement including employer contribution and accrued interest" as of the filing date of the petition. The decree also stated that Wife was to submit a QDRO "stating such provisions." In March 2004, Wife lodged a QDRO, the content of which was stipulated to by both Husband and Wife, which the court signed the following month.

¶3 In December 2015, more than eleven years later, Husband filed a motion to set aside the QDRO, asserting it contained a "clerical error" that would result in Wife receiving half of his entire pension upon his retirement, rather than the amount accrued as of the date Wife filed the petition for dissolution. Husband also argued the QDRO was void because it did not include the decree's limitation that Wife would receive half of his retirement accrued as of the date she filed the petition for dissolution.

¶4 In response, among other things, Wife argued the motion was untimely because the QDRO could only have been challenged by direct appeal in 2004. She also requested attorneys' fees under Arizona Revised Statutes ("A.R.S.") section 25-324 and sanctions under Arizona Rule of Family Procedure 31 ("ARFLP").

¶5	The superior court denied Husband's motion to set aside, finding that (1) the decree and QDRO were unambiguous, (2) Husband had cited no evidence of a clerical error, and (3) neither the decree nor the QDRO had been appealed. The court entered judgment against Husband for attorneys' fees in the amount of $6,210 pursuant to A.R.S. § 25-324. Husband then filed a notice of appeal from the minute entry denying the motion to set aside and the judgment awarding attorneys' fees.

## DISCUSSION

### A.	Jurisdiction

¶6	Husband asserts that we have jurisdiction pursuant to A.R.S. § 12-2101(A)(1) because the superior court entered a final appealable order. Wife counters that jurisdiction is not proper because Husband does not raise any issues that are different from those that would have been included in a timely appeal from the QDRO.

¶7	Concerning the superior court's order denying Husband's motion to set aside the QDRO based on a clerical error, the final appealable order was the QDRO, and thus the court's order denying the motion to set aside is not a "final judgment entered in an action" under A.R.S. § 12-2101(A)(1). Instead, for this court to have appellate jurisdiction, the court's order would need to be a "special order made after final judgment" under A.R.S. § 12-2101(A)(2).

¶8	To qualify as a "special order" within the context of A.R.S. § 12-2101(A)(2), the order "must raise *different* issues than those that would be raised by appealing the underlying judgment." *In re Marriage of Dorman*, 198 Ariz. 298, 300, ¶ 3 (App. 2000) (citing *Arvizu v. Fernandez*, 183 Ariz. 224, 226–27 (App. 1995)) (emphasis added). "This requirement prevents a delayed appeal from the judgment, and also prevents multiple appeals raising the same issue." *Arvizu*, 183 Ariz. at 227. In his motion to set aside, Husband attacked the merits of the QDRO and thus failed to assert any issues that could not have been raised in a timely appeal.

¶9	This court recently addressed a similar jurisdictional issue in *Sotomayor v. Sotomayor-Muñoz*, 239 Ariz. 288 (App. 2016). In that eviction case, the superior court ordered defendant Muñoz to vacate plaintiff Sotomayor's property. *Id.* at 289. The same day the court entered a final judgment, Muñoz filed a motion to set it aside, based on Rule 15, Ariz. R. P. Eviction Actions, which allows a party to request relief from judgment. *Id.* After the court denied the motion to set aside, Muñoz filed a notice of appeal from both the final judgment as well as the order denying the

motion to set aside. *Id*. at 290. Citing *Arvizu*, we analyzed whether the superior court's order on the Rule 15 motion was appealable as a special order after judgment:

> Muñoz's motion, although couched in part as a question of jurisdiction, essentially challenged the merits of the judgment. In it Muñoz argued there was no evidence of a landlord-tenant relationship and no lease and that a dispute as to ownership of the property existed. These claims were the bases for Muñoz's defense at the hearing below. The balance of the argument is a direct challenge to the judgment. We therefore conclude that the order at issue here fails the first part of the test for determining whether an order qualifies as an appealable, special order made after final judgment. . . . To allow Muñoz to separately appeal from the denial of her Rule 15 motion under the circumstances presented would allow her a delayed appeal from the judgment.

239 Ariz. at 291, ¶ 12 (internal quotations omitted).

**¶10** Similarly, although Husband's motion to set aside was couched in terms of "clerical mistake" and alleged the QDRO was void for being beyond the court's statutory authority, the motion essentially challenged the merits of the QDRO. Husband had the opportunity to challenge either the decree or the QDRO by filing a timely appeal after they were entered but did not do so. *See Dorman,* 198 Ariz. at 300, ¶ 3. Because Husband is precluded from filing a delayed appeal challenging the merits of the QDRO, we lack jurisdiction to consider his appeal of the court's order denying his motion to set aside the QDRO.

### B. Attorneys' Fees

**¶11** The final judgment awarding attorneys' fees is a final appealable order under A.R.S. § 12-2101(A)(1). Thus, we have jurisdiction to consider Husband's argument that the court erred because it failed to consider the financial resources of the parties under A.R.S. § 25-324.

**¶12** A court may award attorneys' fees "after considering the financial resources of both parties *and* the reasonableness of the positions each party has taken throughout the proceedings." A.R.S. § 25-324(A) (emphasis added). In awarding Wife her attorneys' fees, the superior court based its decision on "unreasonableness of positions," and concluded it could "award fees based upon *either* financial disparity or unreasonableness of positions," noting that no evidence had been

presented to the court regarding the parties' financial resources. Notwithstanding the court's finding that Husband acted unreasonably, it is undisputed that the court did not consider the financial resources of the parties as required by statute. We therefore vacate the judgment awarding attorneys' fees to Wife.

¶13        Both parties have requested attorneys' fees on appeal under A.R.S. § 25-324, as well as sanctions under ARFLP 31. In the absence of any current evidence of the financial resources of the parties, we decline to award fees or costs to either party. In our discretion, we also decline to impose sanctions against either party.

## CONCLUSION

¶14        The appeal from the superior court's order denying Husband's motion to set aside the QDRO is dismissed for lack of jurisdiction. The court's judgment awarding attorneys' fees to Wife is vacated.



AMY M. WOOD • Clerk of the Court
FILED:  AA