NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JOE AND GERI MESTRO, MESTRO FAMILY TRUST, DATED
10/20/1998, *Plaintiffs/Appellants*,[1]

*v.*

ROBERT A. PASIONEK, CHERYL A. PASIONEK, *Defendants/Appellees*.

No. 1 CA-CV 22-0218
FILED 11-29-2022

Appeal from the Superior Court in Maricopa County
No. CV 2022-000396
The Honorable Mary C. Cronin, Judge *Pro Tempore*

**VACATED AND REMANDED**

COUNSEL

Casler Law Office PLLC, Avondale
By Carlton C. Casler
*Counsel for Plaintiffs/Appellants*

Robert A. Pasionek and Cheryl A. Pasionek, Mesa
*Defendants/Appellees*

---

[1]     On the court's own motion, it is ordered amending the caption in this appeal as reflected in this decision.  The above-referenced caption shall be used on all further documents filed in this appeal.

---

## MEMORANDUM DECISION

Judge Michael J. Brown delivered the decision of the Court, in which Acting Presiding Judge James B. Morse Jr. and Chief Judge Kent E. Cattani joined.

---

**B R O W N**, Judge:

**¶1**        Joe and Geri Mestro, and the Mestro Family Trust, dated 10/20/1998 (collectively, "the Mestros"), appeal the superior court's order dismissing their second eviction action against Robert and Cheryl Pasionek ("the Pasioneks").  For the following reasons, we vacate the court's order and remand for further proceedings.

## BACKGROUND

**¶2**        In 2006, the Mestros and the Pasioneks signed a lease agreement in which the Pasioneks would pay $2,500 per month for six months to lease a house the Mestros owned.  When the lease term ended, the Pasioneks continued to live in the home and made the monthly $2,500 payment for the next 15 years.  In 2021, the Mestros gave a 30-day notice of termination, asserting the lease  was a month-to-month tenancy created by operation of law when the original lease ended.  *See* A.R.S. § 33-342.  The Pasioneks did not vacate the premises, so the Mestros filed an eviction action, alleging that when the Pasioneks refused to vacate the property, they became holdover tenants.

**¶3**        In their answer, the Pasioneks alleged that the original lease had been converted and extended to an annual lease with automatic renewals and that a one-year notice of termination was required.  They also claimed the lease conversion was memorialized in a letter they sent to the Mestros in December 2006.  After briefing and argument, the court dismissed the case without prejudice, reasoning it was "not appropriate for an eviction matter," and the issue needed to be "decided in a civil matter where discovery can be had . . . [to] flesh out whether or not this was truly converted into a year-to-year lease or was it really a month-to-month lease."

**¶4**        A few weeks later the Mestros filed a new eviction action; for purposes of this appeal, it was essentially the same as the first action.  The Mestros also filed a motion for change of judge under the Rules of Procedure for Eviction Actions ("RPEA") Rule 9(c), which the court denied.

The Pasioneks moved to dismiss, asserting in part there had been a prior adjudication and accusing the Mestros of abusing the legal system.

¶5        After conducting a hearing, the court granted the Pasioneks' motion. The court then entered a final judgment, dismissing the case and awarding the Pasioneks $1,462 for their attorneys' fees, plus taxable costs. The Mestros filed additional motions, including a motion for relief from judgment under RPEA Rule 15, but before the court ruled on those motions the Mestros filed a notice of appeal. Shortly thereafter, the court denied the post-judgment motions.

**DISCUSSION**

¶6        We independently determine whether we have appellate jurisdiction over an appeal. *Sorensen v. Farmers Ins. Co. of Ariz.*, 191 Ariz. 464, 465 (App. 1997). In their jurisdictional statement, the Mestros cite A.R.S. § 12-2101(A)(1), which establishes jurisdiction over appeals from "a final judgment entered in an action." Because the superior court did not address the merits of the eviction complaint, the dismissal was without prejudice and thus not a final judgment. Nonetheless, a judgment or order may be appealable under other exceptions. *See In re Marriage of Flores*, 231 Ariz. 18, 20, ¶ 7 (App. 2012).

¶7        The superior court's order essentially dismissed the eviction action for lack of jurisdiction because the matters at issue exceeded the narrow scope of what may be adjudicated in such a proceeding. *See* A.R.S. § 33-1377(D); *Iverson v. Nava*, 248 Ariz. 443, 448, ¶ 11 (App. 2020). Thus, we have appellate jurisdiction under A.R.S. § 12-2101(A)(3), as the order affects a substantial right that determines the action and "prevents judgment from which an appeal might be taken." *Dusold v. Porta–John Corp.*, 167 Ariz. 358, 361 (App. 1990). However, we have jurisdiction only over the court's rulings that occurred before Mestro filed his notice of appeal. *See Sotomayor v. Sotomayor-Muñoz*, 239 Ariz. 288, 290, ¶¶ 7–8 (App. 2016) (finding that an RPEA Rule 15 motion in an eviction case is not time-extending under ARCAP Rule 9); *see also In re Marriage of Cotter*, 245 Ariz. 82, 85, ¶ 5 (App. 2018) (finding that the family court lacked jurisdiction over matters filed after the notice of appeal was filed).

¶8        We review the dismissal of a complaint de novo. *State ex rel. Brnovich v. Ariz. Bd. of Regents*, 250 Ariz. 127, 130, ¶ 7 (2020). We also review issues of law, including interpretation of statues and rules, de novo. *Cox v. Ponce in & for Cnty. of Maricopa*, 251 Ariz. 302, 304, ¶ 7 (2021).

**¶9**       The superior court dismissed this action on the basis that it would require delving into issues outside the narrow scope of an eviction proceeding. *See Iverson*, 248 Ariz. at 448, ¶ 11 ("The *only* issue to be decided in an FED action is the right of possession."). The court reasoned that genuine disputes existed concerning the relationship of the parties as well as the existence and terms of the lease. *Id.*

**¶10**      The Pasioneks alleged that an oral agreement between the parties "converted and extended" the original six-month lease to an annual lease, as confirmed by a December 2006 letter allegedly sent to the Mestros (the Mestros denied receiving the letter). At various points in the superior court and on appeal, the Pasioneks refer to the oral agreement as an amendment, a conversion and extension, or a modification. They make no argument, however, that a conversion is different from an amendment or a modification, or how any difference in those terms affects the tenancy or the lease.

**¶11**      The Mestros argue in part that the court should not have relied on the December 2006 letter in finding there were genuine disputes regarding the lease. We agree. The Pasioneks' letter reflects their view of what they hoped for in a new lease (including more favorable terms for them), but the Pasioneks do not assert that the Mestros signed any type of document agreeing to such terms. The parties' original six-month lease states that the "agreement can only be modified in writing and signed by Landlord and Tenant." Although the Pasioneks assert that a contractual provision restricting any amendments to a mutually signed agreement may nonetheless be orally amended, they provide no supporting authority. And while they also suggest the superior court could consider the December 2006 letter as evidence of the parties' intent, doing so would contradict the lease instead of providing context for interpretation. *See Taylor v. State Farm Mut. Auto. Ins. Co.*, 175 Ariz. 148, 153 (1993) ("[T]he court can admit evidence for *interpretation* but must stop short of *contradiction*.").

**¶12**      The Pasioneks argue their 15-year history of possession and continuous rent payments constitute evidence of the parties' reliance on the alleged oral agreement. But those facts are equally consistent with a holdover month-to-month tenancy. In either case, continuing to live in the house and pay rent proves nothing as to why the Pasioneks were not bound by the lease's requirement that any amendment be signed by both parties. Thus, the court erred by concluding a dispute existed regarding whether the lease had been amended.

¶13        When the original six-month lease expired on January 31, 2007, and the Pasioneks maintained possession and the Mestros accepted rent, a month-to-month tenancy was created under A.R.S. § 33-342.  It is undisputed that the Mestros gave the Pasioneks 30 days' written notice, *see* A.R.S. § 33-1375(B), which informed the Pasioneks that the month-to-month tenancy would terminate at the end of September 2021.  Therefore, the court improperly found that the eviction action involved more than the right of possession.  *See Iverson*, 248 Ariz. at 448, ¶ 11.  And because the first action was dismissed without prejudice, the court erred in dismissing the present case.

¶14        The Mestros also argue the superior court should have granted their motion for change of judge filed under RPEA Rule 9(c).  The court found that it was untimely filed because the same judge had made rulings in the first action.  However, the court had not yet ruled on any matter in the second action, and the Mestros' motion otherwise met the requirements as outlined in Rule 9(c).  *See* Ariz. R. P. Eviction Act. 9(c).  The court erred in denying the motion.

## CONCLUSION

¶15        We vacate the superior court's judgment dismissing this eviction action, including the award of attorneys' fees and costs, and remand for further proceedings consistent with this decision.  Because the merits of the action have not been adjudicated, we deny the Mestros' request for attorneys' fees incurred on appeal without prejudice, deferring the request to the superior court pending ultimate resolution of this matter.  *See Tierra Ranchos Homeowners Ass'n v. Kitchukov*, 216 Ariz. 195, 204, ¶ 37 (App. 2007).  As the successful party on appeal, the Mestros are awarded taxable costs subject to compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA