NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

EDUARDO CORONA TORRES, *Plaintiff/Appellee,*

*v.*

MICHAEL FURLONG, et al., *Defendants/Appellants.*

No. 1 CA-CV 24-0710

FILED 08-12-2025

Appeal from the Superior Court in Maricopa County
No. CV2021-016209
The Honorable Scott A. Blaney, Judge
Country Meadows Justice Court
CC2020-112697RC

**JURISDICTION ACCEPTED; RELIEF DENIED**

COUNSEL

Jennings Haug Keleher McLeod Waterfall LLP, Phoenix
By Michael H. Orcutt, John Browder
*Counsel for Plaintiff/Appellee*

Law Offices of Kenneth P. Bemis, Phoenix
By Kenneth P. Bemis
*Counsel for Defendants/Appellants*

---

## MEMORANDUM DECISION

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Judge Samuel A. Thumma and Judge Kent E. Cattani joined.

---

**M c M U R D I E**, Judge:

**¶1**　　　　Defendants challenge the denial of their ARCAP 9(f) motion to reopen the time to appeal a judgment. We treat Defendants' appeal as a special action and accept jurisdiction. We deny relief because, although Defendants dispute receiving a copy of the judgment, Defendants do not dispute receiving a minute entry recording the court's entry of the judgment consistent with Arizona Rule of Civil Procedure ("Rule") 58(c).

### FACTS AND PROCEDURAL BACKGROUND

**¶2**　　　　The parties in this property-line dispute disagreed about whether they had entered an enforceable settlement agreement. After holding an evidentiary hearing, the superior court granted Plaintiff's motion to enforce the agreement and directed him to lodge a form of judgment. He did so, with notice to Defendants, in mid-February 2024.

**¶3**　　　　On March 26, 2024, the court filed a signed final judgment awarding Plaintiff about $20,500 in damages, attorney's fees, and taxable costs. At the same time, the court issued a "JUDGMENT SIGNED" minute entry, which was filed the next day. The minute entry stated the court was "approving and settling the formal written Final Judgment against Defendants . . . as modified and signed by the Court March 26, 2024, and filed (entered) by the Clerk on March 26, 2024." The minute entry also stated that the court "has signed a paper copy of the Judgment which was originally provided electronically," with the judgment to be available on the electronic docket within four to five days.

**¶4**　　　　Defendants did not file a notice of appeal. Instead, after the time to file a notice of appeal lapsed, Defendants moved under ARCAP 9(f) to extend their appeal time on the theory that they failed to receive notice of the signed judgment under Rule 58(c). The superior court denied the motion, holding that the minute entry constituted notice under Rule 58(c) and, in any event, Defendants were on notice that a judgment would issue. Defendants appealed from the order denying their ARCAP 9(f) motion.

## JURISDICTION

**¶5** There is an issue whether a litigant challenging the denial of an ARCAP 9(f) motion can appeal or must file a special action. An ARCAP 9(f) motion is made after judgment, and so this court's appellate jurisdiction can only be conferred by Arizona Revised Statutes ("A.R.S.") § 12-2101(A)(2). The requirements for a special order after final judgment are "1) whether the issues raised by the appeal from the order are different from those that would arise from an appeal, and 2) whether the order affects the judgment or relates to its execution." *Sotomayor v. Sotomayor-Muñoz*, 239 Ariz. 288, 291, ¶ 11 (App. 2016). Although the first requirement is fulfilled by an ARCAP 9(f) denial, it is unclear whether the second requirement would be satisfied. Thus, it is doubtful that an ARCAP 9(f) denial would be appealable as a special order after final judgment, meaning a litigant would have to file a special action to challenge it.

**¶6** We are mindful that another panel of our court came to a different conclusion, without analysis. *See Haroutunian v. Valueoptions, Inc.*, 218 Ariz. 541, 544-45, ¶¶ 5, 7-8 (App. 2008) (The court stated it had appellate jurisdiction from the denial of a motion under ARCAP 9(f) under the statutory predecessor to A.R.S. § 12-2101(C)(2)). *Haroutunian*, however, predated *Sotomayor*. Given this apparent appellate jurisdictional gap, we will treat Defendants' appeal as a special action and accept jurisdiction. *Ruesga v. Kindred Nursing Ctrs., L.L.C.*, 215 Ariz. 589, 594, ¶ 16 (App. 2007) (This court may exercise its discretion and "elect to treat an appeal as a petition for special action, despite [its] lack of appellate jurisdiction."); A.R.S. § 12-120.21(A)(4).

## DISCUSSION

**¶7** We review the interpretation and application of court rules *de novo. Haroutunian*, 218 Ariz. at 544, ¶ 6.

**¶8** "Immediately upon the entry of a judgment, or the entry of a minute entry constituting a judgment, the clerk must: (i) distribute notice, in the form required by Rule 58(c)(2), either electronically, by U.S. mail, or attorney drop box, to every party not in default for failing to appear; and (ii) make a record of the distribution." Ariz. R. Civ. P. 58(c)(1). Rule 58(c)(2) authorizes three alternative forms of notice: a conformed copy of the file-stamped judgment, a written notice of the entry of judgment, or a minute entry. A minute entry stating that the proposed form of judgment has been signed and filed is sufficient. *See Thomas v. W. Savs. & Loan Ass'n*, 6 Ariz. App. 511, 513-14 (1967). Such a minute entry is considered

distributed when the clerk emails it to the address provided by the party or counsel. Ariz. R. Civ. P. 80(e).

¶9 Lack of notice of the entry of judgment may alter the time to appeal only as provided by ARCAP 9(f). Ariz. R. Civ. P. 58(c)(3). ARCAP 9(f) gives the superior court discretion to grant a motion to reopen the appeal period. *Haroutunian*, 218 Ariz. at 545-46, ¶¶ 8, 13-14. But the court may exercise that discretion only if enumerated conditions are met. ARCAP 9(f); *see also Haroutunian*, 218 Ariz. at 545, ¶ 8. The first condition is that the movant "did not receive notice under Rule 58(c) . . . of entry of the judgment or order that the party seeks to appeal within 21 days after entry." ARCAP 9(f)(1). This condition may be satisfied by counsel's avowal that he or she did not receive notice. *See United Metro Materials, Inc. v. Pena Blanca Props., L.L.C.*, 197 Ariz. 479, 483, ¶ 22 (App. 2000). But when the movant does not dispute receipt of a correct form of notice (either directly or through counsel), the court lacks the authority to extend the appeal deadline. *See In re Pima County Mental Health No. A20170058*, 248 Ariz. 118, 123, ¶ 4 (App. 2020).

¶10 Defendants argue that there is no record of the judgment's distribution and that their counsel avowed he did not receive it. But Rule 58(c) and ARCAP 9(f) require distribution and receipt not of the judgment itself, but of notice of its entry. A minute entry stating that the judgment has been signed and filed is a sufficient form of notice, and the clerk's emailing it to counsel is a sufficient form of distribution. *See* Ariz. R. Civ. P. 58(c), 80; *Thomas*, 6 Ariz. App. at 513-14. Here, the court's minute entry clearly stated the court had signed and filed the judgment (and that it would soon be available on the electronic docket). Defense counsel was identified on the minute entry, and Defendants have never disputed its distribution and receipt. On this record, the court had to deny Defendants' motion for additional time to appeal based on their receipt of notice of the judgment's entry.

## CONCLUSION

¶11 We grant review of the denial of Defendants' motion to extend, but deny relief.

¶12 Plaintiff requests attorney's fees on appeal on two theories: (1) A.R.S. § 12-1103(B), because he alleged in the property-line dispute that Defendants refused to execute a quitclaim deed; and (2) A.R.S. § 12-341.01(A), because the settlement-enforcement dispute arose out of contract. Fees are discretionary under both statutes, and we decline to

4

award them here. As the prevailing party, Plaintiff may recover his costs under A.R.S. § 12-341 upon compliance with ARCAP 21.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:       JR